1808.

*Wednesday,*
*April 6th.*

BENNER and another, administrators of OBERLANDER, *against* FREY.

A habeas corpus for the removal of a cause from the Common Pleas to the Supreme Court may be amended by the præcipe; and may, after verdict, be sent back to the Common Pleas for the purpose of having the return amended by that court.

THIS action was originally brought in the Common Pleas of *Dauphin* county, and was removed at *March* term 1797 to the Supreme Court, by a *habeas corpus* at the instance of the defendant. It was there put at issue, and after *December* term 1799, was transferred with the other causes from the same county to the Circuit Court for *Dauphin.* It was tried in *Dauphin* in *October* 1803, before Chief Justice SHIPPEN and Judge BRACKENRIDGE, and a verdict was found for the plaintiff. A motion was then made in arrest of judgment, which was overruled by the court; and from this decision the defendant appealed. The plaintiff also moved for leave to amend the *habeas corpus* and return; and to this motion an *advisare* was entered, with an agreement that it should be argued in bank. The question however in both shapes was the same; the reasons in arrest being that there were no parties and no cause before the court, and the amendment having in view the cure of these defects. The fact was that the defendant's attorney gave a regular *præcipe* for the *habeas corpus;* but although the writ was allowed by a judge of the Supreme Court, sealed and signed by the prothonotary, and *indorsed* with the names of the parties, it was entirely blank on the face of it in all but the printed parts. The record of the Common Pleas, moreover, which came up with the writ, was signed by the clerk and sealed with the seal of the court, but the return to the writ was signed by only one associate Judge. The reasons in arrest were therefore, 1st, that the cause had never been removed from the Common Pleas, there being no valid return to the writ; and 2d, that the process did not shew any parties or cause of action to the Circuit Court. The answer was that the defects might be amended.

*Hopkins* and *Dallas* argued for the plaintiffs.

1. As to the writ. The error which requires amendment is a mere misprision of the clerk; and there is a regular præcipe by which it may be amended. There has been too a fair trial and a verdict; and the justice of the case is with the amendment. Now no instance can be shewn in which an amendment

has been refused, where the defect was a clerical error, where there has been something to amend by, and where the justice of the case has coincided with the motion. *The King* v. *Ellames* (*a*), *Mossman* v. *Higginson* (*b*), *Course* v. *Stead* (*c*), *Black* v. *Wistar* (*d*). Here it is the defendant's own writ; and that alone should prevent his benefiting by its imperfection. *Rex* v. *Hayes.* (*e*) The court after verdict will if necessary even presume that a good writ once existed, but is lost, and that the cause was not removed by this writ. *More* v. *Hodges.* (*f*)

2. As to the return. The law does not point out any particular mode of authenticating a return to a *habeas corpus.* The record of the Common Pleas is sent up under the seal of the court, and it expressly states that the cause is *removed by habeas corpus.* This is a sufficient return; at all events it is sufficient to amend the return by. If we should go back to the Common Pleas, the docket would shew that the cause had been removed; for we have a verification of the docket entries with the writ; if we cannot amend the return, the cause then is not in existence. But the proceedings of the parties in the Supreme Court amounted to a removal of the suit by consent, and therefore both writ and return are immaterial. Suits were frequently removed without process prior to the act of 24th *February* 1806.

*Ingersoll* argued for the defendant.

1. As to the return. The writ is directed to the judges of the court below; and no one but the court can make a return to it. The only question then is, whether one judge constituted the court; and there is no question, he did not; it would be idle to read the law. But it is said the record shews the cause to have been removed, and the return may be amended by it. The docket entries are made by the clerk and not by the court. The seal is evidence that the entries are there, but not that the court put them there. The argument substitutes the clerk for the court. If the record were sufficient, then even the return by one judge would be useless. Indeed the return by one judge

(*a*) *Cas. Temp. Hardw.* 37.
(*b*) 4 *Dall.* 12.
(*c*) 4 *Dall.* 22.
(*d*) 4 *Dall.* 267:
(*e*) 2 *Stra.* 843. 8 *Co.* 59. *b.*
(*f*) *Cro. Car.* 90.

1808.

BENNER
v.
FREY.

furnishes a presumption that the other two were against him; and if the plaintiff's reasoning holds, the clerk may be against them all, and yet his return shall prevail. The cause in fact is still in the Common Pleas of *Dauphin* county; and our justification in taking the exception is, that had the verdict been for us, we could not have had the benefit of it.

2. As to the writ. The *habeas corpus* to remove a suit is an original writ, and not within the statutes of amendment. *Masters* v. *Ruck (a)*, *Christie* v. *Huggins (b)*. The cases cited do not come up to this. This writ, from being blank on the face of it, is in fact directed to no court at all; and then what authority had the Common Pleas of *Dauphin* to make a return? *Franklin's* case is in point. An indictment was found before the *Quarter Sessions*. The præcipe for the removal of the indictment was written by the counsel for the defendant; the writ was worded according to the præcipe, and issued at the instance of the defendant; and it was directed to the Judges of the *Common Pleas* to remove an indictment pending before them. They returned it; and although they were Judges of the Quarter Sessions *because* they were Judges of the Common Pleas, the defect was held to be incurable. *Commonwealth* v. *Franklin. (c)* A wrong direction cannot be worse than none; and there is no difference from the decision being in a criminal case; for amendments at common law are always allowed in criminal cases, and no other can be made to a *habeas corpus* of this kind. It is vain to talk of consent waiving process, when the process was actually demanded by the defendant, though he is in no manner accountable for its defects; for in the *King* v. *Hayes*, cited from *Strange*, the very defect in question was made by the defendant's own clerk in court, in making up the *Nisi Prius* record.

TILGHMAN C. J. delivered the opinion of the court.

This action was brought in the Court of Common Pleas of *Dauphin* county, and removed by the defendant by writ of *habeas corpus* to the Supreme Court. It was there brought to issue, and from thence transferred to the Circuit Court of

(a) *Barnes* 12.               (c) 4 *Dall.* 255.
(b) *Barnes* 13.

*Dauphin*, where it was tried, and a verdict found for the plain-      1808.
tiff. The defendant after all this, moves in arrest of judgment,   BENNER
because the suit was not legally removed to the Supreme Court.        *v.*
He alleges two reasons against the removal.                          FREY.

1st. That the *habeas corpus* was left blank in many substan-
tial places.

2d. That the return to the *habeas corpus* is signed but by one
of the associate Judges of the Court of Common Pleas.

1. As to the first point, the fact is that a regular præcipe was
given by the attorney for the defendant, for issuing the *habeas
corpus*, but by inadvertency of the clerk, the writ, although al-
lowed by a Judge of the Supreme Court and sealed with the
seal of the Supreme Court, was left blank in material places. If
there had been no præcipe, there would have been nothing to
amend by; but as amendments have frequently been made by
the præcipe, I think there can be no case more proper to allow
it than the present. I am therefore of opinion that this writ may
be amended by the præcipe.

2. The return by one associate judge is not good, because one
judge cannot hold a court. But I observe it is said in the re-
cord, which is certified by the prothonotary under the seal of
the court, that the suit was removed by *habeas corpus*. This af-
fords reason for supposing that the court did in fact order the
record to be returned in obedience to the *habeas corpus;* and it
may be that it is only owing to the error of the prothonotary, that
the record was sent up without a proper certificate. On the ar-
gument of this cause I feared there would be great difficulty in
getting at the justice of the case; but upon reflection I am of
opinion that the Circuit Court may send back the record to the
Common Pleas, with permission to the Judges of that court to
amend the return if they think proper. In the case of the *King*
against *The Mayor and Burgesses of Grampond*, 7 *D. & E.* 699,
a motion was made for leave to amend the return to a writ of
mandamus *after verdict*. The Court of King's Bench refused
to give leave to amend, because they did not think it proper un-
der the particular circumstances of that case; but they had no
doubt of their power, not under the statutes of *Jeofails*, but un-
der *the general authority of the court*. It was there said that
these amendments were reducible to no certain rule, but that
each particular case must be left to the *sound discretion* of the
court; and that the best principle seemed to be, that an amend-

VOL. I.                          3 A

1808.

BENNER
v.
FREY.

ment should or should not be permitted to be made, as it would best tend to the furtherance of justice. There is so much liberality and good sense in the opinion which I have cited, that I cheerfully subscribe to it. Let us apply the principle then to the case before us. Will the amendment of the return tend to the furtherance of justice? No one can entertain a doubt but it will; but whether the Court of Common Pleas will think proper to make any amendment, must be left to their own judgment. They know the truth of the case, and will no doubt govern themselves by the truth.

I am of opinion that the record should be sent back to them, with leave to amend if they think proper.