Tilghman G. J.
To this action the defendant pleaded, that in another action for the same cause brought by the plaintiff against, him, the matter was submitted to arbitrators. *78 who made an award in his favour, whereupon the plaintiff appealed to the Court of Common Pleas, in which court the plaintiff filed his declaration, to which the defendant pleaded, and issue was joined, and the jury being called, &c., the plaintiff suffered a nonsuit. To this plea the plaintiff demurred, and the defendant joined in demurrer.
The plaintiff contends, that on the entry of the appeal, the effect of the award is annihilated, and the action proceeds in the Court of Common Pleas altogether de novo. It is true that the proceedings are de novo, and that the award cannot be given in evidence by the party in whose favour it was made. But it does not follow, that it may not be in force in case the adverse party fails to prosecute his suit in the Common Pleas. By the 10th section of the “ Act regulating arbitrations,” 5 Sm. Z. 135, it is declared, that the award, shall have the effect of a judgment until reversed on an appeal. It is doing violence to these expressions to say, that the bare entry of an. <appeal is a reversal of the judgment. According to the plain import of the terms there must be a judgment on the appeal inconsistent with the award,, and thus reversing it.substantially, without any formal judgment of. reversal. Suppose, for instance, that the plaintiff had obtained a verdict and judgment in the Common Pleas; this would in effect have been a reversal of the award. But the appellant may relinquish his appeal,. and in that case the award remains in force. Now the suffering of a nonsuit was a relinquishment of the appeal, because it was a refusal,, to proceed to a decision. In no sense therefore can it be said, that the award was reversed. The defendant’s plea then is good, the same matter has been before decided in his favour by an award remaining in full force. ■ I am of opinion, that the judgment be affirmed.
YeatesJ.
In support of the demurrer in this cause it has been urged, that the entry of an appeal from the decision of arbitrators under-the act of 20th March, 1810, ipso facto reverses the award. I cannot Accede hereto. The concluding words of the 10th section of that law are, “ that the award a of the arbitrators after an entry thereof in the prothonoM tary’s docket, shall have the effect of a j udgment against.the “ party against whom it is made, arid be a'lien on his real a estate, until such judgment be reversed on an appeal.” To justify the construction set up, the last words must be read *79 until the entry of an appeal. It is true the suit on the appeal retains its first- character as between the original plaintiff and defendant, and that the word reversed, in its technical sense, applies to the ultimate decision, annulling expressly what had been before done. Here it must be read changed and altered, in order to preserve the meaning of the legislature. It is equally true, that the proceedings on the appeal, so far are considered as an original suit, that what the arbitrators have done cannot'be read on the trial; because the controversy must be decided on its original merits by the jury. But the act of the party in appealing cannot be assimilated to the award of a new trial by the courts, wherein they previously set aside the former verdict, for the award stands as a judgment until it be reversed.- An argument has been drawn from the form of the recognisance in the 12th section of the law, where the plaintiff is appellant, that he is only subjected to costs on particular events; but this provision was introduced to discourage appeal. It is, a superadded penalty on plaintiffs, who shall not recover in the event of the suit a sum greater, or a j udgment more favourable, than the report of the arbitrators. The intention of the legislature was to institute a domestic tribunal to terminate law-suits in the most speedy manner; not to put it in the power of the plaintiffs to harass their adversaries by a multiplicity of actions for the samé cause. The effect of the doctrine contended for by the plaintiff in error would be, that the award of arbitrators, on a full hearing in favour of the defendants^ would be totally annihilated at his own pleasure, provided he is willing to pay extra costs to enjoy the satisfaction of vexing the defendant. He may sue before a justice of the peace, elect arbitrators!, appeal from their decision, discontinue his appeal, or go tó trial and suffer a nonsuit, and then institute a new suit toiies quoties! This in my idea could never have been the'meaning of the law.
I am of opinion, that the plea of the defendant was a good and legal bar to the plaintiff’s recovery, and that the judgment of the Court of Common Pleas be affirmed.
Brackenridge J. concurred.
Judgment affirmed.