Tilghman C. J.
On the trial of this cause- in the Court of Common Pleas, after the jury were sworn and evidence had been given, the plaintiff was permitted to amend his declaration, to which the counsel for the defendant took an exception. Two objections have been made to the court’s opinion. It is said, 1. that it is too late to ask for an amendment after the jury are sworn and evidence given; and 2. that if not too late, an amendment can only be allowed of matter of form, but here the amendment was of substance. There is nothing in the first objection. The act of assembly (21st March, 1806, sect. 6.) provides, that “the plaintiff shall be “ permitted to amend his declaration, and the defendant may “ alter his plea or defence on or before the trial of the cause; «‘and if by such alteration or amendment the adverse party is *3 «taken by surprise, the trial shall be postponed to the next “ court.” The construction of this act has been settled by repeated decisions, that an amendment may be granted at any time during the trial. As to the second objection, the defendant contends for too strict a construction of a law which ought to receive a liberal interpretation. The object is the attainment of substantial justice unembarrassed by form. The plaintiff shall not be permitted to introduce an entirely new cause of action under pretence of amendment. Having declared for slander, he shall not introduce trover, or malicious prosecution, or libel. Such was my opinion in Ebersol v. Krug, 5 Binn. 51, cited by the counsel for the defendant. But provided he adheres to the original cause of action, he may add a count substantially different from the declaration. And whether he does so adhere the court can always judge. Let us test the present amendment by this principle. The plaintiff declared for money had and received. But his action was founded on a bargain with the defendant on an exchange of horses. The plaintiff had given the defendant a horse and twenty-five dollars ; and received in exchange a horse which had been stolen, though not known to the defendant. The owner of the horse claimed him from the plaintiff, who gave him up and brought this action for redress. The court was of opinion, that the count for money had and received did not cover the merits of the plaintiff’s case: if the verdict had been taken on that count the plaintiff must have suffered: and in order to do justice, he was permitted to add a count suitable to the nature of the case. It was very evident, that there was no change of the cause of action. The plaintiff had been mistaken in the form of his declaration, but it was the injury from the stolen horse, for which he sought redress. I am clearly of opinion, therefore, that the amendment was allowable. The judgment is to be affirmed.
Yeates J. absent.
Brackenridge J. concurred.
Judgment affirmed-