Tilghman C. J.
(After stating the facts.) The declaration as it comes before us is right, and the only question is, whether the Court of Common Pleas had power to permit the amendment. Where the object .of an amendment is to do justice, Courts are vested with extensive powers, not only by statute but by the common law. This is a singular case. In the proceedings before the alderman which made part of the record, the Court saw that there was a cause of action existing, before the commencement of the suit, and they also saw, no doubt, that the same cause of action was proved before the jury. Under these circumstances, I cannot say, that they had not authority to permit an amendment according to the truth of the case. In ejectment it has been a common practice to amend the declaration by enlarging the term, after verdict. In old times, that would not have been done ; but it has been found to promote justice, and every body is satisfied. The Court of Common Pleas might in their discretion have refused this amendment; but having granted it, I do not see that they have exceeded their power. I am therefore of opinion, that the judgment should be affirmed.
Yeates J.
The strictness which formerly obtained in the granting of amendments, is said, in our books, to be almost entirely eradicated. But where leave is given to amend, the Court will take care that the other side be not prejudiced or delayed by it. 2 Burr. 756. 1161. Against the record as amended no exception is taken. The only question is, whether the Court below had authority to order an alteration of the day-on which the promise was made after verdict and before judgment.
It appears from the alderman’s transcript, that the suit was *221 brought by the indorsee of a promissory note against the indorser. There could be no recovery unless proof was given of the dishonour of the note by the maker, and due notice-to the indorser. It is idle to say-, that the day of the promise laid, would be material on the merits. On motion, after the jury were sworn, the Court would have directed the amendment to be. made, and the, trial to proceed. It would have been no surprise to the adverse party, nor have introduced a new defence. The term laid in a declaration in ejectment, although expired, may be enlarged without consent. 2 Bl. Rep. 940. A judgment has been amended, even after writ of error brought. 2 Str. 1132. And the plaintiff below has been permitted to enter a remittitur, of part of the damages found, where they have exceeded the sum laid in the declaration, after a.writ of error brought on that very ground, upon the judgment below. All these different instances have occurred in this Court, and the principle on which they were decided, will warrant the exercise of the power of amendment in the case before us. I am, therefore, of opinion, that the judgment of the Court of Common Pleas be affirmed.
Brackenridge J. being absent, from sickness, gave no opinion.
Judgment affirmed.