The opinion of the Court was delivered by
Gibson J.
It is very certain a plea darrien continuance waves all former pleas; that the defendant must stand or fall by it; and that if put in’ issue it forms the only subject of inquiry before the jury. It admits the original merits to be with the plaintiff, and rests the defence on something that has occurred, or some act that has been done by the defendant since the last continuance of the cause. If it be well pleaded^ issue must be taken on it, or there will be a mis-trial; if it be bad on its face, the plaintiff must demur; but if good, in point of form, though pleaded out of due time, the proper course is to move to have it set aside. Coverture after suit ■brought, is a plea in abatement, which never can be pleaded ’ after a plea in bar, unless the matter has arisen since the plea in bar, in which case it may, provided it be done the first opportunity that is presented; for the plea in bar waves only matters in abatement then existing. But the defendant must uot suffer a continuance to intervene between the happening and pleading of this new matter; and this is the rule as to all matters arising after issue joined, whether going to the merits or disclosing a personal disability to maintain the suit. But for extrinsic reasons the Court may exercise a discretion in receiving such a plea, even after a continuance. Here the plea was neither good in point of form nor pleaded in due time. The marriage is not stated to have taken place since the last continuance, which is an indispensible averment in every plea of this sort. If a continuance had in fact intervened, before it came to the knowledge of the defend- *240 a«t, it would still have been necessary to plead it in this way, but the Court to preserve consistency would have permitted him to enter the plea nunc pro tunc, an affidavit of the truth of the plea, and the extrinsic matter first being made. Without an allegation of the matter having arisen since the last continuance, there can be no such thing as a plea puis darrien continuance; its name imports its nature. It is the only-plea that can be put in after a plea in bar; and must be drawn with great certainty. The plea offered was not such, although so intended: it was an ordinary plea in abatement offered at a time when no such a plea could be received, and when the fact it went to controvert, had been conclusively admitted by the previous pleadings in the cause. Nor does the act of assembly relied on, help the defendant’s case. That act merely permits an amendment to be made, or a plea to be added after the jury are sworn. This the liberality of the Courts had never refused, at any previous stage of the proceedings. The act permits nothing to be done during the trial, that might not have been done before it commenced. This plea could not have been received before the jury were sworn, and was therefore not within the act. But on another ground it was inadmissible under the act; it did not go to the original merits of the controversy, but in fact admitted the plaintiff had merits; and to all this may be added, it was notoriously bad on its face, and therefore not a fit subject for the discretion of the Court. The plea then ought not to have been received ; and although the Court did receive it, they had the power to set it aside. It is true, they did not formally strike it off the record, but they did what was equivalent, they treated it as a nullity. The plaintiff was not bound to reply, and did not reply; consequently the Court did not err in instructing the jury, that the matter contained in this plea formed no part of their inquiry. We are of opinion, the cause was properly tried on the pleas of non assumpsit and payment, and that the judgment must be affirmed.
Judgment affirmed.