The opinion of the court was delivered by
Tilghman, C. J.
This is an action of debt, brought by the plaintiffs below, (who are plaintiffs in error,) against Benjamin Kaufman, (the defendant in error,) on a joint and several bond for twenty thousand four hundred and’seventy dollars, twelve and a half cents, given by the said Christopher Brenner, Christian Stouffer, jun., and Christopher Brenner, deceased, to the plaintiffs. The jury found a special verdict; by which it appears, that an action was brought on the same bond by the plaintiffs, against the .administrators of Christopher Brenner, which was submitted to arbitrators, who, having heard the parties and their counsel, made an award, that the plaintiffs had no cause of action. The plaintiffs appealed from this award, to the Court of Common Pleas; and, the cause having come to trial, the plaintiffs suffered a voluntary nonsuit. The opinion of the court below, on this special verdict was, that in consequence of the nonsuit," the award remained in force, and the plaintiffs in the present action were barred by xt. Before the accuracy of this decision is considered, several preliminary objections are to be removed.
1. The counsel for the plaintiffs, offered to give in evidence, that the nonsuit was suffered in consequence of surprise. That one of the defendant’s witnesses swore to a fact, which, if true, was fatal to the plaintiffs’, action, and therefore the nonsuit was suffered. But it had been since discovered, that the witness was perjured; as the plaintiff offered also to prove. This evidence was rejected by the court; on which the plaintiffs’ counsel took a bill of exceptions.— I cannot perceive on what principle, such, evidence could have been admitted. The nonsuit was voluntary, and produced by no ai'tifice or act of the defendant. As long as it remained of l’ecord, unreversed, it was of force, and no other court could set it aside in a collatei’al way. The plaintiffs might have applied to the Court of Common Pleas, who, a proper case being made out, had powei' to take off the nonsuit. There was no other way of getting rid of it. It is not like the case of a judgment entered by fraud, in which the parties to the suit were parties to the fraud; such as a judgment entered against an executor by his consent, in order to cover the assets, where no debt was, in fact, due from the testator. There, the judgment being pleaded against another creditor, in a subsequent action, he may reply that it was fraudulent; because it is the person guilty of fraud, who attempts to avail himself, of the judgment. No such matter exists in the present case, nor can we say, *148 ‘S^tkat the defendant in the appeal would not have obtained a verdict on the merits of his defence, (independently of the alleged perjury,) if the nonsuit had not been suffered. There was no error, therefore, in the rejection of the evidence.
2. In the second place, it is objected that no regard should be paid to that part of the special verdict, which finds the record of the action brought by the plaintiffs against Brenner’s administrators ; because that record was not pleaded by the defendant, and because it could not have been pleaded; the matter contained in it having happened pending this suit, and a continuance having intervened before it was mentioned. It appears, however, that the record must have been given in evidence, because the jury have found it; and it does not appear that any exception was taken to the evidence. It must be presumed, therefore, that the evidence was given with the plaintiffs’ consent, and indeed the president of the court, in the opinion which he delivered, expressly says that it was so. The issue was joined on the plea of payment, with leave to give the special matters in evidence; and although this evidence might not have been admissible on that issue, without consent, yet with consent it certainly was. In a special verdict, the jury find facts, and not the evidence on which their finding is grounded. Here they have found the record, and it not appearing that any exception was taken to the evidence which induced that finding, all is right. As to the time when a plea puis darrein continuance is to be put in, it is true, in general, it must be before a continuance has intervened; but this is not universally true. The court may, for special reasons, permit that plea to be entered nunc pro tunc, although a continuance has intervened. It was so held in the case of Morgan v. Dyer, &c. 9 Johns. 255. 10 Johns. 161, and in Wilson v. Hamilton, 4 Serg. & Rawle, 238.
We come now to the consideration of the main question: What is the effect of the record in the plaintiffs’ action against Brenner’s administrators? According to our act of assembly, the award was to be considered as a judgment, subject to be reversed on an appeal. .The plaintiff did appeal; and, on the trial of his cause, suffered a voluntary non pros. This was a relinquishment of the appeal; and, consequently, the judgment was in full force. That is a point settled by two decisions of this court: King v. Sloan, 1 Serg. & Rawle, 77, and Moore v. Hamilton, not yet reported. The only remaining question then is, whether the judgment for the defendant in the action against Brenner’s administrators, is a bar to this suit. The award was, that the plaintiffs had no cause of action. It must be taken for a judgment, after hearing the case on its merits. If the award had been on a plea of infancy, or other personal matter, which might have discharged Brenner, without affecting the other obligors, the plaintiffs should' have shown it. Taking it then for a judgment on the merits, how can the other obligors be prevented from taking advantage of it ? The rule is, that in a personal action, *149 the discharge of one is the discharge of all.' Co. Liit. 125, b. The obligation being both joint and several, makes no difference. If the obligee release one of two joint and several obligors, the other may plead the release, in bar. Co. Litt. 232, a. 2 Saund. 48, a. note 1.
The law is the same, in case of a release in law; as where a feme obligee marries one of the obligors, or an obligee appoints one of the obligors his executor. Now, no release can be more efficacious, than a discharge by judgment of a court of record. What would be the consequence, if the defendant could be charged in the present action? Could he demand contribution from Brenner’s administrators? If he could not, it would be inconsistent with the nature of a joint and several obligation; and, if he could, it woujd be taking from Brenner’s administrators, in part, the benefit of their judgment. I can see nothing which should take this case out of the general rule, that a discharge of one is a discharge of all. I am therefore of opinion, that the, judgment should be affirmed.
Judgment affirmed.