The opinion of the court was delivered by
Tod, J.
All the assignments of error have been abandoned except two, the denial of the amendment last offered, and, 2d. the denial of the nonsuit. The amendment depends entirely upon the act of assembly of the 21st of March, 1826, (Purdon, 411.) It appears to be the intent of the act to allow amendments on the trial, without any stint as to number. This seems to be conceded by the counsel for the defendant in error; but they argue that the amendment here proposed was such in itself, as is not permitted by the act; because it in a matter of substance, contradicts the writ, changes the contract, and brings in a new cause of action. They rely upon Grasser v. Eckert, (1 Binn. 575.) Cunningham v. Day, (2 Serg. & Rawle, 1,) and other authorities. They also insist upon the plain words of the act of assembly; and say that the word, “ informality,” is the only term used in the law describing what may be amended on the trial.
It is so. “Informality,” is the word in the law: yet, it appears to me, that were we to hold matters of mere form only to be amendable after the jury sworn, we should go far towards declaring this part of the act useless. Matters of mere form in the record, are not often inquired into before the jury. Besides, the very next words of the act seem to show the meaning of the legislature; for it must be absolutely impossible for the adverse party to be taken by surprise by an amendment which does not touch the merits or substance of a cause. Grasser v. Eckert, and Cungingham v. Day. only show, that an action substantially dofee *119 live and vitious in its commencement, shall not be made good; nor shall a new cause of action be introduced by amendments. Here the objection is, that the writ named James Mackey as joint and several recognizor, &c., and the amendment of the declaration proposed to describe the recognizance as several only. Now it appears to me, that the words of description, added to the name of James Mackey in the writ, are of no substance, but are rather surplusage. I do not say that, in my opinion, the amendment was necessary. Perhaps, the terms of the writ were not in any possible way inquirable into before the jury. But, waving that point, it seems to be decided in numerous cases that words of description, attached to a name in a writ, are of very small consequence. Wilson v. Wilson, (3 Binn. 557,) was the case of a writ, naming the defendant as executor of another: yet, a declaration, and a recovery against him in his own right. In Gratz v. Simons’ Executors, (1 Binn, 588,) the plaintiff was allowed to amend by filing a count describing the plaintiff himself, and the right in which he sued, different from the description in the writ. Jennings v. Cox, (1 Binn. 588.) M'Kee v. Thompson, (Addison, 24.) Crotzer v. Russell, (9 Serg. & Rawle, 78.) Clear it is, from these authorities, that the plaintiff was not precluded, by the words of the writ, from the amendment he asked for. In rejecting it, I think there was error.
. The remaining point is the denial of the' nonsuit. I take it to be clear, that by the common law, and until the act of assembly of the 28th of March, 1814, (Purd. Dig. 421,) the plaintiff always, except in some few cases for peculiar reasons, might elect to fake a nonsuit, when the jury appeared at the bar ready to give their verdict, or at any time before. The words of the act are these: “ Whenever, on the trial of any cause, the jury shall be ready to give in their verdict, the plaintiff shall not be called, nor shall ho then be permitted to suffer a nonsuit.” I do not understand these words as taking from a plaintiff the right of withdrawing his action, by a nonsuit, when by occasion of a manifest mistake of himself or his attorney, he is prohibited from giving any evidence whatsoever to the jury. We cannot reject the word “ then” from this law. One object of these acts of assembly appears generally to have been, to prevent an error in practice from being fatal to the justice of a cause. We should not be going back to the severity of the old law, but going far beyond it, were we to hold that a plaintiff who gives no evidence whatsoever, on account of a mistake in presenting his case, shall be debarred from a nonsuit, and from a new action on payment of the costs of the first suit.
Anotheract of assembly, passed the 28th of March, 1820, (Purd. Dig. 24,) has been relied on. It forbids any party entering an appeal, to withdraw the same without the consent of the adverse party. The act seems not to apply to this case. Here there had indeed been an award of arbitrators, but the award was in favour of *120 the plaintiff, and the defendant was the appellant. The act does not withhold a plaintiff who gains his cause before the arbitrators, and who does not appeal, from giving up the award and his cause together. With respect to an argument drawn from the provision of the arbitration law, that the award shall stand as a judgment until reversed on appeal, I would observe, that the award in this case does appear to be reversed, to all intents and purposes, by the nonsuit. I am opinion that the judgment should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.