# CASES

# DISTRICT COURT

FOR THE

## CITY AND COUNTY OF PHILADELPHIA.

SEPTEMBER TERM 1835.

## LACROIX v. ANTOINETTE MACQUART, STEPHEN GERIN AND HENRY DUCOMMUN.

September 7, 1835

*Rule to show cause why one of the defendants should not amend his pleas.*

*Coverture* cannot be pleaded after a plea in bar, unless the coverture takes place after the plea in bar is filed.

*Former recovery* may be pleaded at any time before verdict.

THOMAS Macquart having died intestate, letters of administration of his personal estate were granted to his widow, Antoinette Macquart, one of the above named defendants, who gave bond in the usual form, dated July 12th, 1826, in the penal sum of 2000 dollars, with Stephen Gerin and Henry Ducommun, the other defendants, as her sureties. On the 21st of August 1828, an action of debt on this bond was brought in this court in the name of the Commonwealth of Pennsylvania, against the said three defendants, and, on the 16th of October 1829, judgment for the penalty of this bond was confessed by all the defendants, to stand cautionary, agreeably

to the act of assembly of March 27th, 1813 (section 15). A *scire facias* on this judgment was afterwards issued to December term 1829, in the name of the Commonwealth of Pennsylvania, to the use of Ambroise J. Lacroix, the above plaintiff, against the said defendants, and a judgment for want of appearance was taken thereon December 21st, 1829, upon which a rule to show cause why an order, in the nature of a writ of inquiry of damages sustained by the plaintiff, should not be made, &c., was obtained. Subsequently, but not till after the suing out of the present *scire facias,* a discontinuance was entered by the plaintiff's attorney in the prothonotary's office. On the 6th of August 1834, another *scire facias* on the same judgment was sued out, in the name of the same Ambroise J. Lacroix, as plaintiff, against the same defendants; to which, on behalf of Ducommun and of Mrs Macquart (under the name of Antoinette Petit, wife of Isidore Petit), an appearance was entered by Mr Purdon. Gerin made default, and on September 6th, 1834, on motion, judgment was entered on this account against him.

On the 20th of October 1834, the defendant, Ducommun, craved *oyer* of the bond and conditions stated in the writ, and this being granted, pleaded, first, *nul tiel record*; second, *in abatement,* that at the issuing of the said writ of *scire facias,* the said Antoinette Macquart was, and continued to be, a *feme covert,* being then married to one Anthony Petit, &c. On the 2d of October, a plea of coverture had also been pleaded by Mrs Macquart herself.

To the first plea of defendant Ducommun, plaintiff replied, tendering an issue in the usual manner; and demurred to his second plea. And to the plea of coverture by Mrs Macquart, plaintiff replied by confession of the fact, and thereupon entered a *nolle prosequi* as to her. This replication was filed November 28th, 1834.

In this state of the pleadings, the case was placed on the argument list; but before it was reached, Ducommun's counsel obtained a rule to show cause why he should not be permitted to withdraw his pleas of October 20th, 1834, and substitute therefor the following: "The defendant, Henry Ducommun, party to the above suit, comes and prays judgment of the aforesaid writ of *scire facias;* first, because he says, that heretofore, at the time of issuing of the said writ of *scire facias* in the present action, and long before, at the time of the plaintiff's obtaining judgment in his suit against Antoinette Macquart, at March term 1834 as alleged by him, at the issuing of the writ of execution against the said Antoinette, and the return of *nulla bona*

[Lacroix v. Macquart et al.]

thereto, and long before, to wit, on the 8th day of October 1829, the aforesaid Antoinette was married to one Isidore Petit, who, as well as his said wife, are now living in Philadelphia, and still remain so married.

"2. Because, he says, that heretofore the plaintiff sued out a writ of *scire facias* on the same judgment on which the present *scire facias* has issued against the above defendants, to December 1829, No.　, and obtained judgment therein on the 21st of December 1829, and an order of this court for the inquiry of damages, as he has been informed and verily believes, which suit still remains pending and undetermined: and this he is ready to verify, &c. Whereupon he prays judgment of the said writ, and that the same be quashed." An affidavit by Ducommun, of the truth of the above pleas, was annexed.

*F. W. Hubbell* and *Troubat,* for plaintiff.
*Purdon,* for defendant.

The opinion of the Court was delivered by

STROUD, J.—The law, in regard to the *amendment of pleadings,* is, with us, derived from three sources: the *common law,* the *act of assembly of the 21st of March* 1806, and the *British statutes enacted prior to the Declaration of Independence.* Formerly the whole doctrine of the common law on this subject was in force; but the act of assembly of March 21st, 1806 covers the same ground, so far as respects *informalities* affecting the *merits* of a cause (Franklin *v.* Mackey, 16 *Serg. & Rawle* 117; Diehl *v.* M'Glue, 2 *Rawle* 337), from its institution to the rendition of the verdict (Wilson *v.* Hamilton, 4 *Serg. & Rawle* 240; Farmer's and Mechanic's Bank *v.* Israel, 6 *Serg. & Rawle* 294; Sweigart *v.* Lowmarter, 14 *Serg. & Rawle* 202); and therefore, according to the provisions of the thirteenth section of this act, the *common law* is superseded *to that extent.* Wike *v.* Lightner, 1 *Rawle* 290. Amendments may, however, still be made *at common law, after* verdict, not merely while the proceedings are *in paper,* as in Benner *v.* Frey, 1 *Binn.* 366; Bailey *v.* Musgrave, 2 *Serg. & Rawle* 219; but even after *judgment* has been signed, and a writ of error has been brought. Spackman *v.* Byers, 6 *Serg. & Rawle* 385; Ordroneaux *v.* Prady, *Ibid.* 510.

The present application is to be governed entirely by the act of assembly; and our decision, whether to grant or refuse it, will be subject

[Lacroix v. Macquart et al.]

to revision by the supreme court.   Diehl *v.* M'Glue, 2 *Rawle* 337. The opinion of that court, even on matters purely *discretionary,* with us, must always have the greatest weight; but wherever a writ of error lies, we follow implicitly what we believe to be the existing law there.   In Wilson *v.* Hamilton, 4 *Serg. & Rawle* 240, it was decided that coverture could not be pleaded *after a plea in bar,* unless the coverture took place *after* the plea in bar was filed; and in Garvin *v.* Dawson, 13 *Serg. & Rawle* 246, it was held that *a former judgment, for the same cause of action,* might be pleaded, notwithstanding the issue had been made up, and the case was then on trial.   Both these decisions having been made in reference to the act of assembly, and being on the very points before us, the plea of coverture is disallowed, and that of a former recovery received.

The plaintiff's counsel relied upon two objections to the reception of the plea of coverture.   1. That a *nolle prosequi* had been entered, as to Mrs Macquart, upon the authority of Beidman *v.* Vanderslice, 2 *Rawle* 334; Minor *v.* The Bank of Alexandria, 1 *Peters's S. C. Rep.* 46; Hartness *v.* Thompson, 5 *Johns. Rep.* 160.   2. That *coverture* is a personal privilege, and pleadable only by the *feme* herself, and not by a *co-defendant.*   The case of Wilson *v.* Hamilton being, however, a sufficient warrant for rejecting this plea on distinct grounds, it is deemed unnecessary to examine the force and relevancy of these views.   Engle *v.* Nelson, 1 *Penns. Rep.* 442; and Witmer *v.* Schlatter, 15 *Serg. & Rawle* 150, cited by the plaintiff's counsel, fully confirm Wilson *v.* Hamilton, upon the general doctrine on which the latter case properly rests.

Against the reception of the plea of *former recovery,* it has been urged that the former judgment was taken by default, and was merely *interlocutory,* and that the action itself had been discontinued before the present plea was offered.   2 *Archb. Prac.* 208, was cited as authority for such discontinuance; *final* judgment not having been rendered.   This subject will be more fitly investigated upon a replication of *nul tiel record* by the plaintiff, and no opinion upon it is intimated now.

Rule absolute, as to plea of *former recovery.*