## M'Kennan *against* Henderson.

If a cause be referred to arbitrators, and an award made in favour of the defendant for a certain sum, and the plaintiff appeals, and afterwards, by leave of the court, suffers a nonsuit, the award is thereby defeated, and is irrecoverable by *scire facias* against the plaintiff.

ERROR to the Common Pleas of *Juniata* county.

[M'Kennan v. Henderson.]

James Henderson brought an action on the case in assumpsit against Patrick M'Kennan, and had the same referred to arbitrators under the compulsory arbitration law. The arbitrators made a report in favour of the defendant for the sum of $350, from which award the plaintiff appealed. The cause afterwards was ordered for trial and the jury was sworn, when the plaintiff took a nonsuit by leave of the court. At a subsequent term the court granted a rule to show cause why the nonsuit should not be taken off, but upon argument the rule was discharged. The defendant Henderson then issued a *scire facias* to show cause why he should not have execution for the amount of the award; to which the defendant M'Kennan pleaded *nul tiel record;* and upon the replication *tale habet recordum,* the court rendered a judgment for the defendant in the *scire facias.*

*Fisher,* for plaintiff in error, referred to the Act of 20th March 1810, § 10; 1 *Serg. & Rawle* 221; 1 *Watts & Serg.* 283; 2 *Watts & Serg.* 60; 17 *Serg. & Rawle* 364.

*Parker,* contra, referred to the Act of 16th June 1836, § 25, which he argued was conclusive in its terms, allowing a nonsuit by leave of the court.

The opinion of the Court was delivered by

ROGERS, J.—In *King* v. *Sloan,* (1 *Serg. & Rawle* 77), and in *Hostetter* v. *Kaufman,* (11 *Serg. & Rawle* 148), it is ruled that if a plaintiff, after having entered an appeal from an award of arbitrators, suffer a voluntary nonsuit, the award becomes an absolute judgment. And in *Moore* v. *Hamilton* it was decided, that upon an appeal from an award of arbitrators, the appellant had a right to withdraw his appeal, and that by the withdrawal the award, although in favour of the appellant, remained in full force and virtue. It was soon discovered that the latter gave rise to occasional injustice, as it sometimes happened that an appeal was entered with the intention of putting the opposite party off his guard, and after the expiration of the twenty days, the time given for an appeal, to withdraw it, and thereby have the benefit of the award. This evil was remedied by the Act of the 28th March 1820, incorporated in the Act of 16th June 1836, 33d section, which provides "that no appeal (which, be it observed, may be either by plaintiff or defendant), shall be withdrawn, without the consent in writing of the opposite party first had and obtained, &c." This provision, therefore, did not touch upon the case of a nonsuit, nor intermeddle with the effect given to it by the decisions above cited. With special reference to the decisions of *Hostetter* v. *Brenner,* and *King* v. *Sloan,* the Legislature, in the Act of the 16th of June 1836, 25th section, provide that the court may, after appeal, allow the plaintiff to suffer a nonsuit with like effect as if

[M'Kennan v. Henderson.]

the cause had not been referred, if the special circumstances of the case shall seem to require it. Under this Act, with the leave of the court, the plaintiff suffered a nonsuit, which, by the express words of the Act, gives the nonsuit the same effect as if there had been no reference or judgment. About the construction of the Act there is not room for doubt. The nonsuit has the same operation as at common law, and at common law it cannot be pretended but that the proceedings must be *de novo*. The 25th section, which contains this proviso, was adopted at the recommendation of the commissioners, who say, " the first (25th section) authorizes the court to allow a plaintiff to become nonsuit after an appeal. Great hardships, it is believed, have been experienced under the present law. A plaintiff may be forced into a trial before arbitrators, in the absence of his witnesses, or without other means of proof, and an award may be given against him. Then, upon trial in the court, if a similar defect or difficulty should exist in respect to his testimony, he will be for ever barred from recovering what may be a just claim, if a verdict and judgment should be given against him." That hardships in particular cases, under the double contingency as above stated, may exist, may be true; but it is a curious remedy by which the injury, if there be one, is shifted from one, and thrown upon the shoulders of the other. That is to say, in an anxiety to relieve the plaintiff from a difficulty occasioned by his own negligence, we do a positive wrong to the defendant. And we want not a better illustration of this than the case in hand. The case was referred to arbitrators, which resulted in an award in favour of the defendant for $350, which, according to the very letter of the previous section, (the 24th section), had the effect of a judgment, and was a lien against the real estate of the plaintiff. From the award the plaintiff appealed, (and it would be the same if the defendant appealed), and when the cause was for trial and the jury sworn, the plaintiff, *with leave of the court,* suffers a nonsuit, in consequence of which the defendant loses the benefit of his award, which may be his only security for the money justly due; and further, when he commences his suit against the plaintiff, he may be met by a plea of the Act of limitations. These difficulties were surely not foreseen by the Legislature, and certainly could not have entered into the mind of the court when they gave leave to the plaintiff to suffer a nonsuit. And what renders the Act and the decision of the court still more unaccountable, is, that there is not the slightest necessity for this extraordinary remedy. The court was already clothed with power to prevent any injury to either party which might result from want of care in preparing the cause for trial. For if any special circumstances appeared to require it, (to use the language of the Act), the court had plenary authority to afford redress either to plaintiff or defendant, by permitting the party to withdraw a juror, or by a continuance of the cause. It occurred to us at one time that the Act could only

[M'Kennan v. Henderson.]

apply where the award simply was in favour of the defendant, and that the Legislature never intended that the court, by the allowance of a nonsuit, should sweep from the defendant all benefit derived from his award and judgment. On examination, however, we have reluctantly come to the conclusion that such a construction would be to legislate, not to expound the Act. The power is full, plenary and general, without a trace of a distinction as to the nature of the award, that is, whether for the defendant, or for him with the addition of a finding for a sum of money in his favour. That this power has been unadvisedly exercised in this case, we may conjecture; but there is nothing appearing on the record which would justify us in reversing the decision. As, then, there was judgment of nonsuit by leave of the court, the court was right in giving judgment in favour of the plaintiff.

Judgment affirmed.