The opinion o( the court was delivered by
Duncan, J.
This is a plea in abatement, and the cause was, “that the promises, if even such promises as are laid in the declaration were made, were made with one George Earp, who is still living.” The plaintiffs moved to strike off this plea, because put in too late, and because there had been in a former action a plea in abatement, that all the proper parties were not sued, and the action abated. To this it has been answered by the defendants, that the defendants who now put in this plea, were not sued in the first action; and the plaintiffs reply to this, that the defendants are all bound-by the plea of their partners in the former action.
The plea is a plea in abatement; for where any person who ought to be joined as a defendant is omitted, this is pleadable in.abatement only, and not in bar; because such plea is to give the plaintiff a better writ, which is the true criterion to designate pleas in *152 abatement from pleas in bar; and certainly such plea comes too late after a general imparlance; for this is an objection which applies to the writ itself, and the court holds a strict hand over dilatory pleas, and will not suffer a departure from the usual forms of pleading in these cases. But if the plea had been put in in time, it ought not to have been received; for in this form of plea in abatement, that all the contractors are not sued., the defendant must give the plaintiff a better writ. 1 Saund. 284, note. Therefore it is, that in a plea of misnomer in the Christian name of the defendant, the defendant must show what his Christian name is, and also what is his true surname, and this although the true surname be already stated in the declaration, lest the plaintiff should be defeated a second time by error in the names; for those pleas tending to delay justice are not favourably received, and the rule was adopted to check the repetition of these pleas in abatement. Stephens’ Principles of Pleading, 435. And this sensible writer, (in' a book of •small bulk, but which contains much useful matter,) gives.the meaning of the rule, that the defendant must give the plaintiff a better writ. It is, “ that pleading a mistake in form, in abatement of the writ, the defendant must at the same time correct the mistake, so as to enable the plaintiff to avoid'the same objection in framing his new writ.” The defendants cannot say that they have corrected the mistake here, so as to enable the plaintiffs to avoid the same objection in a new writ, when they take the same objection to the new writ itself, the non junction of all the contractors. They cannot say they have given him a better writ, and yet repeat the same objection to the new writ; a matter so perfectly within their own Irnowledge as the names of all the secret partners would be. Nor is it any thing but mocking, to say one of the new defendants had no former opportunity to put in this plea; for, if' it could be sustained, the plaintiffs’ suit never could terminate in a trial on the mérits. He might bring action after action, and every new defendant give one new name at a time. In the case of secret partners, it is hard enough for a plaintiff to be once put out of court for a mistake which he could not know, and which was scarcely known to any other than the ostensible partners themselves; but to put him one hundred times out of court, which are the principles contended for by the defendants, where the associates are numerous, would be excluding him so long as the associates please. The defendants did not give the plaintiffs a better writ, did not make known to them that which in fairness they ought to have done,—the names of all the partners. Instead of correcting the mistake, and enabling them to avoid a repetition of the error, they lead them into a labyrinth, from which they cannot find out hjs way by any clue. The defendants should have given the plaintiffs all the names at once: that was the way to correct the error»' The plaintiffs could not then haye been defeated a second time for the same cause, namely *153 the oniission of the names of all the joint contractors. The plea admits, that if there is a cause of action, it is a joint one. The .allegation is, that all the joint contractors were not named, the very plea put in before; and.the very plea that might, if this action is abated, be used again and again and again. The plea is in the way of justice, which the court ought to discourage. To suffer its repetition, would bring a reproach on the proceedings in courts of justice; the mischief to the plaintiffs incalculable, while it inflicts no injury on the defendants, for all the partners would be entitled to contribution, and courts ought never to suffer pleading, which is said to be a great excéllence in our jurisprudence, and to be founded on strong sense in the chpicest and soundest legislation, to be made the instrument of oppression to the suitors. I speak of the consequences of suffering the plea in abatement to be thus used, without any relation to this particular case.
Plea in abatement struck off.