### RUSSELL *vs.* A. and A. LYTLE.

To an action of debt on bond, for the payment of money, a plea averring an agreement by the obligee to accept a surrender of lands, mortgaged as collateral security, and a *tender of performance* by the defendants, is not a bar. An *accord* must be executed; readiness to perform, is not sufficient.

DEMURRER to plea. To a declaration in debt on bond for the payment of money, the defendants pleaded that a mortgage of certain lands was executed by them, as collateral security for the payment of the money mentioned in the condition of the bond, and that previous to all the monies becoming due, it was agreed between the plaintiff and them, that they should *surrender* the mortgaged premises to the plaintiff, and put him in the quiet and peaceable possession thereof, and that the plaintiff would receive the same in full satisfaction and discharge of the monies specified in the condition of the bond, and deliver up the bond to them; and they averred that the mortgaged premises were of greater

value than the monies mentioned in the condition, and that at all times since the making of the agreement, they had been ready, and still were ready, to perform the same on their part, and had offered and tendered to perform. To this plea the plaintiff demurred.

*C. L. Allen,* for the plaintiff.

*S. Stevens,* for defendants.

*By the Court,* MARCY, J. If the agreement stated in the plea is a defence to this action, it must be as an accord and satisfaction. To make an accord good, it must be in full satisfaction. *Comyn's Dig. tit. Accord, B.* Where an accord is relied on, it must be executed. 3 *Black. Comm.* 15. Readiness to perform is not sufficient. *Comyn's Dig. tit. Accord, B.* 4. *Roll. Abr.* 129, *b.* 17. In *Lynn* v. *Bruce,* 2 *H. Bl.* 317, which was assumpsit for the composition agreed to be given to the plaintiff for his debt due on a bond, it was held that the action would not lie. Lord Ch. J. Eyre remarked: " *Interest reipublicœ ut sit finis litium.* Accord *executed is satisfaction;* accord *executory* is only substituting one cause of action in the room of another, which might go on to any extent." In *Allen* v. *Harris,* 1 *Lord Raym.* 122, it was decided that an accord, before execution, is no bar. This has been so often ruled, that it was said in that case, that a decision to the contrary would overthrow all the books. The cases in which the question has been so often raised and decided, that an accord executory could not be enforced, arose on pleas, as here, in bar of the original action.

Part payment and an agreement to take the residue at a future day, cannot be pleaded as satisfaction in bar, to debt, on bond. 9 *Reports,* 79. *Balston* v. *Baxter, Cro. Eliz.* 304. In the latter case the court say : " This is a concord pleaded, and is executory, and so can be no bar in debt on a bond, no more than in a trespass." The case of *Rayne* v. *Orton, Cro. Eliz.* 305, 6, was much like the one under consideration. The action was assumpsit for 50 shillings ; the defendant pleaded a concord between him and the plaintiff ; wherein he agreed to give to the plaintiff 15 shillings, and to pay the

ALBANY,
Jan. 1831.

remaining 35 shillings in hats, which the plaintiff agreed to receive. He alleged payment of the 15 shillings, and averred that he was always ready to pay the residue in hats. To this plea the plaintiff demurred; and the court, without hearing argument, gave judgment for him. They said, it being a concord executory in part, it can be no plea; for a concord is always to be entirely executed, and not to be executory in any part.

In the case before us the concord is wholly unexecuted, and there is nothing to be found in the books to sustain the counsel's position, that a readiness to perform on the part of the defendants is to be taken for a performance, and considered as the satisfaction required by law. The last case referred to, as well as the authority of Ch. Baron Comyn and Lord Ch. J. Rolle, are directly opposed to that position. This point is so clearly against the defendants, that it is unnecessary to consider the question raised, whether the contract is not within the statute of frauds.

Judgment for plaintiff, with leave to the defendants to amend, on payment of costs.