## OSBORN *vs.* ROBBINS and others.

The declarations of the payee of a note are not evidence against one who subsequently becomes the holder.

Evidence of a conversation between the payees and one of the makers of a note, respecting the giving of the note and the transactions that had occurred, which took place subsequent to the delivery of the note, and after the parties had left the office where it was given, and the business had been closed, is inadmissible, in an action upon the note by a subsequent holder.

In an action upon a promissory note, evidence of a prior agreement between the parties thereto, which has not been performed, for the settlement of the injury complained of and for which the note in suit was given, is inadmissible. Without actual satisfaction, an accord constitutes no defense.(*a*)

Neither is evidence to prove the falsity of the charge, to settle which the note was alleged to have been given, admissible, where the answer does not allege that the charge was compounded.(*b*)

ACTION tried at the Herkimer circuit, before ALLEN, J. It was brought upon a promissory note made by the defendants, payable to Burrill Rice and Esther Jane Rice, or bearer, and transferred to the plaintiff before due. The defense was, that the note was given on the compounding of a felony. The defendants offered to prove a conversation between the payees and one of the makers of the note, after they had left the office where the note was given, after the note had been delivered, "respecting the giving the note and the transactions that had occurred." The evidence was excluded, and the defendants excepted. The defendants also offered evidence of a prior agreement which had not been performed, for the settlement of the injury complained of and

(*a*) MORGAN, J. dissented; holding that the original settlement of the damages, for $50, should have been submitted to the jury, and if they believed the parties intended a final settlement, that the payment of a part down, and the defendant's agreement to pay the balance at a future day, operated to extinguish the original cause of action. Cases cited and commented on by him to show that the settlement of a claim for uncertain damages is a sufficient consideration to support an agreement to pay a particular sum, and for the release of the residue.

(*b*) MORGAN, J. dissented; being of the opinion that upon the question whether the note in suit was given under *duress*, it was competent for the defendants to show that the criminal charge was groundless.

for which the note in suit was given. This evidence was also excluded, and the defendants excepted.

*Ward Hunt,* for the appellants.

*W. Kernan,* for the respondents.

ALLEN, J. The declarations of the payee of the note are not evidence against the plaintiff, who subsequently became the holder. (*Page* v. *Cagwin,* 7 *Hill,* 361. *Booth* v. *Swezey,* 4 *Selden,* 276. *Tousley* v. *Barry,* 16 *N. Y. Rep.* 497.) The conversation between one of the defendants and the payees of the note, and which was excluded, was not offered as a part of the *res gestœ;* and if the offer had been put upon that ground, it would not have been admissible. It took place after the transaction was closed, so far as the evidence then showed, for it was before the interview between the constable and the defendant Sterling Robbins at the tavern, concerning the discharge of the prisoner from arrest. The note had been given, and the parties had left the office, and the business had been closed; and whether it had been terminated fifteen minutes or as many months, is not material. The offer was to prove a conversation "respecting the giving the note and the transactions that had occurred." Those transactions were the facts to be proved. It was a *narrative of a past occurrence* that was proposed to be proved. To constitute a part of the *res gestœ,* the declaration must be *concomitant* with the principal act. (1 *Greenl. Ev.* § 110.) They must have been made at the time of the act done which they are supposed to characterize. (1 *Cowen & Hill's Notes,* 585.) Where the holder of a check went into the bank, and when he came out, said he had demanded its payment, the declaration was held inadmissible to prove the demand, as being no part of the *res gestœ.* The demand was the fact to be proved. (*Brown* v. *Lusk,* 4 *Yerg.* 210.) Declarations of a party in respect to the sale of copper, made after the

Osborn *v.* Robbins.

bargain and before its delivery, are not admissible as a part of the *res gestœ*, although made to a person from whom he obtained a part of the copper. (*Moore* v. *Meacham*, 6 *Seld.* 207.) As was said by Judge Gray, in the case cited, the offer here was but an attempt to show the construction which the plaintiff gave to the occurrence that had transpired. In *McCormick* v. *Barnum*, (10 *Wend.* 104,) the declarations of the surveyor were admitted as the declarations of an agent of the plaintiff, and the question before us was not considered. The declarations of the parties which were given in evidence in *Kimball* v. *Huntington*, (*id.* 675,) were the closing up of the settlement and a final statement of their affairs and dealings, made as a part of the settlement. In the language of Judge Nelson, they "were made at the conclusion of it, and not afterwards, as contended by the defendant, and under the circumstances were clearly competent." In *Boyden* v. *Moore*, (11 *Pick.* 362,) and *Crary* v. *Sprague*, (12 *Wend.* 41,) the declarations related and gave character to the possession of the property in dispute, and were strictly concomitant with and "were calculated to unfold the nature and quality" of the principal part, to wit; the possession which they were intended to explain. Where, immediately after a negotiation for a loan of money, the lender goes into another room and, the borrower not being present, states to a third person the terms of the transaction, such declarations constitute no part of the *res gestœ*, and are not evidence against a subsequent holder of the note. (*Smith* v. *Webb*, 1 *Barb. S. C. Rep.* 230.)

There was no error in excluding this conversation.

The evidence offered, relating to a prior agreement between Rice and the principal defendant, to settle the injury complained of, was properly excluded. Without actual satisfaction, the accord constituted no defense. (*Tilton* v. *Alcott*, 16 *Barb.* 598. *Russell* v. *Lytle*, 6 *Wend.* 390. *Hawley* v. *Foote*, 19 *id.* 516. *Ralston* v. *Baxter*, *Cro. Eliz.* 504. *Rayner* v. *Orton*, *Id.* 305.) It could throw no light upon the

transaction under investigation; neither did it affect the plaintiff with notice or knowledge that the note had been given in compromise of a felony. All the plaintiff knew was what he learned from the conversation in his house, and that was no evidence; and the defendant did not propose to give any further evidence to bring home to the plaintiff any other or different notice or knowledge.

So, too, the offered evidence to prove the falsity of the charge of rape was properly excluded. The answer did not allege that the charge was compounded, and it was not therefore within any issue made by the pleadings. Whether the criminal charge was true or false was not material as affecting the consideration of the note, or the defense interposed. The motive of the principal defendant, in compromising with Rice, was certainly not material.

The judgment should be affirmed.

BACON and MULLIN, Justices, concurred.

MORGAN, J. (dissenting.) The theory of the defense in this action was, that the note for five hundred dollars was given to compound a felony, and under circumstances which would render it void on account of *duress.* It was also claimed that the parties had previously settled the damages for which the note was given, and that the note in question was therefore without consideration. No objections were taken to the pleadings, nor to the charge of the judge; and the only questions to be considered arise out of the rulings of the judge on the trial. The case shows that Sterling Robbins, one of the makers of the note, was arrested at the instance of the plaintiff, upon the charge of rape upon Esther Rice, the wife of Burrill Rice, the payees of the note; that he was taken by an officer before the magistrate, at Herkimer, and detained there until he gave his note with his father, Giles Robbins, as his surety, to settle the private damages which Rice and wife claimed to have sustained in

consequence of the rape; and then that he was suffered to go at large, and no further proceedings of a criminal character have been taken against him.

One of the witnesses, George Parkhurst, testified that just before the arrest he was at the plaintiff's house, with Rice and others, and that the plaintiff told Rice to take Robbins up. Rice *said he had settled with Sterling Robbins, and Robbins had agreed to give him fifty dollars, and had paid five down.* The plaintiff said he did not think that made any difference; he should take him up, any way. Some one said he might have five hundred as well as fifty. "Burrill Rice complained of Sterling Robbins abusing his wife; that he had committed a rape on her, at Sterling Robbins' house. *He settled for fifty dollars, and paid five down; the rest was to be paid when Robbins sold his oats.*" It would also appear from the case that the plaintiff was fully acquainted with the facts before he purchased the note. At least there was evidence tending to prove it, sufficient to submit the case to the jury. The defendants, in the course of the trial, offered to show an agreement between Burrill Rice and the defendant Sterling Robbins, substantially as stated by Rice, at the plaintiff's house. The plaintiff's counsel objected to this evidence as incompetent and immaterial, and the court excluded it. The defendants' counsel excepted. It is claimed by the appellants' counsel that the evidence was competent, as it tended to show that the note in suit was given without consideration.

If the parties had in fact settled, it is insisted that the original claim was extinguished or satisfied, so that the subsequent agreement to pay five hundred dollars was without consideration.

Whether the parties intended to make a final and complete settlement of the damages, by what took place between them, was for the jury to decide, if the evidence of such a settlement was competent in the defense of the action. It is not certain, I think, that the jury would have found a final

settlement. It may have been conditional upon payment of the fifty dollars in full; and the parties may have contemplated that the payment of the fifty dollars was necessary, in order to complete the settlement. It is, however, claimed in the answer, that all the alleged matters of injury were settled and "satisfied by the agreement and the then payment of five dollars on account of the said fifty dollars." It would therefore be a question for the jury to decide, whether the evidence proved such an agreement. It is enough to raise the question that the evidence was offered for such a purpose and was competent evidence tending to prove it.

It will be necessary, therefore, to decide whether unliquidated damages may be settled by a valid agreement to pay the sum agreed upon, so as to bar a suit upon the original cause of action. The respondent's counsel insists that the agreement, if proved, would have been no defense; that it was an *accord executory*, and as such, no bar to an action. If the agreement was invalid, I think there would be no difficulty in maintaining the proposition of the learned counsel. But the agreement, I think, was valid, and could be enforced. A consideration which has for its object the prevention of litigation and the settlement of disputes between the parties is also sufficient to support a promise. (*Chitty on Cont.* 43.) In *Russell* v. *Cook*, (3 *Hill*, 504,) the plaintiff settled a claim for damages to his property on occasion of a collision of boats, and took the defendant's notes, among which was the note in suit. And it was there decided that a note given upon the settlement of a doubtful claim preferred against the maker, was given upon a good consideration, without regard to the legal validity of the claim. Cowen, J., in delivering the opinion of the court, cites with approval the case of *O'Keson* v. *Barclay*, (2 *Penn. Rep.* 531,) which sustained a promissory note given on the settlement of a slander suit for words not actionable. The court will not look behind the compromise. And in case of doubtful claims and unliquidated

damages it matters not what amount is claimed by the plaintiff. A settlement is in the nature of an account stated, and furnishes a new and valid consideration for an agreement to pay the balance agreed upon. Hence the payment of a smaller sum than the original claim may be accepted in full satisfaction. In *Donahue* v. *Woodbury,* (6 *Cushing,* 150,) the original claim was for services and for unliquidated damages. An offer was made of a less sum than that claimed, and was accepted. Shaw, Ch. J., in delivering the opinion of the court, held that " the acceptance of the offer fixed and liquidated the sum, in the nature of an *insimul computassent* and *eo instanti* discharged it." And see 1 *Smith's Leading Cases,* 451, where it is said that " the rule that payment of a smaller sum cannot be a satisfaction of a larger debt, is applicable only to cases where the larger debt is fixed and liquidated, or is ascertainable by merely an arithmetical calculation." It does not apply where the previous claim is unliquidated and uncertain. But it will not be seriously contended that the prior settlement in this case was without consideration. Nor was it necessary that it should have been reduced to writing. Its validity would have been no better if Rice and wife had signed a receipt in full and acknowledged satisfaction of the damages by payment of five dollars down, and Robbins' note to pay the balance when his oats were sold. The jury might have found a parol agreement as complete as the parties could have made it by their writings. And the defendants' promise to pay, although verbal, is as good as though he had given his note for it. Indeed if the verbal agreement to settle for fifty dollars is not binding upon the parties, the subsequent agreement to pay five hundred dollars could not be enforced as a settlement, except from the circumstance that Robbins' father signed the note with him. That would be a new consideration, sufficient to discharge a sum certain due upon contract.

Conceding, therefore, that the first settlement was valid, it is still contended by the respondent's counsel that it was merely an *accord executory,* and not binding until the fifty

dollars was paid. It would be very extraordinary if this proposition could be sustained to its full extent, so as to allow the parties to a settlement of doubtful claims, to go behind the settlement, because the defendant, instead of paying the amount agreed upon, had given his own note to pay it at a future day. Indeed the rule contended for, if applicable in this case, would overthrow a majority of compromises and tend greatly to promote litigation. It is not uncommon for the friends of the parties to interfere to bring about settlements of such controversies; and they are often settled, for the sake of peace, for what the injured party considers a very small compensation. And it is not unfrequent that the defendant gives his own obligations to pay all or a portion of the amount agreed upon. The proposition of the respondent's counsel is, that unless the note given upon such a settlement is paid, and payment is accepted by the injured party, the case is not settled at all; for it is said in the books that an accord executory is not a satisfaction of the demand, and that it is not a good bar to the original claim. Without stopping now to discuss the question whether a new valid agreement not performed may be accepted as a satisfaction of a liquidated demand, I do not think the rule applicable to claims for unliquidated and uncertain damages. It is admitted that if there is a new consideration for accepting the defendant's promise to pay less than his demand, in satisfaction of it, it may be pleaded as a satisfaction without waiting until the money is paid. Thus the note of a third person will operate as a bar to a debt upon contract, if it is accepted as a payment or satisfaction; and the existence of such an agreement is in general a question for the jury. (7 *Hill*, 28. 8 *John.* 507.) And the note of one partner may take effect as a discharge of the copartnership debt. (5 *Hill*, 448. 3 *Denio*, 410.) The weight of authority in England and this country is decidedly in favor of the proposition that the new cause of action arising from the receipt of a promissory note or bill of exchange, for a precedent debt, is sufficient consid-

Osborn *v.* Robbins.

eration to sustain an accord and satisfaction, even when the same parties are liable on the note or bill, and for the demand on account of which it is taken. (2 *Am. Lead. Cases,* 186.) And certainly no recovery can be had on the original cause of action until the credit has expired. (*Myers* v. *Welles,* 5 *Hill,* 463. *Fellows* v. *Prentiss,* 3 *Denio,* 512.) Forbearance to sue is a sufficient consideration to support an agreement, and will be binding on the parties. It is only necessary that the forbearance to sue should be unlimited, to operate as a total discharge of liability; and it is immaterial whether a suit be already commenced or not. This must be so in all cases where the damages claimed are unliquidated. (*Story on Cont.* §§ 440, 441.)

But if it should be admitted that the plaintiff may sue upon the original cause of action after the defendant's obligation matures, he can only do so where he retains the note and produces it upon the trial. (*Hughes* v. *Wheeler,* 8 *Cowen,* 77.) But in my opinion the amount of the recovery cannot go beyond the sum agreed upon in the case of a settlement of uncertain damages where the debtor's note is taken for the amount, whether the action be upon the note or for the damages.

The settlement itself is valid and creates a new demand if it was the intention of the parties to liquidate the amount. It is binding upon the parties, and cannot be reopened even in a court of equity, without showing fraud or mistake. It creates a new contract in respect to the amount agreed upon, and a new right of action. The plaintiff in such case does not go upon the original debt at all. (*Add. on Cont.* 1217.) In *Palmerton* v. *Huxford,* (4 *Denio,* 167,) Jewett, J. (after declaring that the rule was well settled that the payment of a less sum, after a specific debt is due, in satisfaction of the debt, is not good by way of accord and satisfaction,) held, that the rule only applied in a case where there is no dispute as to the existence of the debt, and when the sum due is conceded. That it never had been applied to the *adjustment* of

a disputed claim.    He said : "In that case I apprehend the parties have always been held concluded as to the amount." The authorities are generally agreed that an accord, without satisfaction, is no bar.    But the reason given is because the creditor has no means of obtaining satisfaction by enforcing it, and thus in fact obtains no satisfaction.    It is therefore no bar, for the simple reason that it is without any consideration, and there is no mutuality to support it.    It is rather in the nature of a proposition to settle not yet acted upon so as to bind the parties.

In *Day* v. *Roth* (18 *N. Y. Rep.* 456) the notes and bond of the defendant were not accepted.    Judge Comstock noticed the true ground of the decision when he said that the plaintiff "refused to consummate the agreement."    The attending circumstances were not such "as would justify a court of equity in enforcing a specific performance of the contract."    In *Tilton* v. *Alcott* (16 *Barb.* 598) the agreement which was to operate as a satisfaction was not executed, and the plaintiff recanted while the negotiation was going on.    It did not appear to have ripened into a valid contract before it was abandoned.    Notwithstanding what is said by the learned judge at the close of his opinion, it was plainly intimated by him that a valid substituted agreement (executed but not yet performed) might be accepted as a satisfaction of a prior demand.    That this must have been the opinion of the court in that case, follows, I think, from the decision of the same court in *Billings* v. *Vanderbeck*, (23 *Barb.* 546,) where it was held that a new valid agreement, accepted by the creditor as a satisfaction of a prior demand, would operate to discharge it, although the new agreement was executory in its nature.    And it was considered in that case that the settlement of a suit brought to recover damages for breach of warranty, was a sufficient consideration to sustain the contract relied upon to discharge the original cause of action.    The case of *Russel* v. *Lytle* (6 *Wend.* 390) is referred to as announcing a contrary doctrine, but it does not appear that the

Osborn *v.* Robbins.

agreement in that case was valid. It is rather assumed by the learned justice that it was without any sufficient consideration to sustain it. The question arose on the pleadings, and the satisfaction was not to be immediate on account of the agreement set up, but rested upon a promise that the plaintiff would, at a future day, receive something else beside money in satisfaction of his demand. *Hawley* v. *Foote* (19 *Wend.* 516) is of the same character. But it would be unprofitable to spend time in reviewing the numerous cases which hold that an accord *merely executory* is not sufficient to bar an action on the original demand. These cases come short of deciding that the plaintiff is not barred of his original cause of action, when he accepts a new and valid contract in satisfaction of it. And although the language of the judges in some of the cases may give color to the doctrine that the stipulations of the new agreement must be performed, to operate as a satisfaction or discharge, the cases themselves, when examined, do not generally require any thing more than that the agreement, which is to operate as a release or satisfaction, should be executed so as to afford the party a substituted remedy. Thus it is said that an accord *executed* may be pleaded as a discharge; which, I take it, only means that the new agreement which is to discharge the demand, must be executed so as to become obligatory upon both parties. And there is no reason why the plaintiff may not accept a new obligation if it rests upon a sufficient consideration, in discharge of a prior obligation, as well as to accept any thing else. One promise may not in law discharge another, where there is no new consideration to support the agreement to accept it in satisfaction; but this does not authorize the conclusion that the parties may not enter into a valid contract, executory in its character, not to prosecute the original cause of action. The contrary may be deduced from many authorities which have never been questioned. Thus a covenant not to sue, operates as a release, to prevent circuity of action. The seal is a sufficient consideration to

sustain it. The debtor's own note, with an indorser, or the note of a third person, may be accepted as a satisfaction of a prior demand ; the benefit to the creditor furnishing a sufficient consideration to sustain the agreement. (3 *Wend.* 66. 5 *id.* 85. 21 *id.* 450.) And in *Myers* v. *Welles,* (5 *Hill,* 463,) the decision of the court fully sustains the doctrine that the liquidation of an account is of such advantage to the plaintiff as to constitute a sufficient consideration to postpone the payment. And it necessarily follows, I think, that the same agreement operated to discharge the original claims which had been liquidated by the settlement. In Pennsylvania the courts hold that one note of the same parties may by *agreement* be a satisfaction and discharge of another. It is not a matter of law, but one of contract, to be submitted to the jury. (*Hart* v. *Butler,* 15 *Serg. & Rawle,* 152.) And such is the law in Massachusetts and Maine. (1 *Smith's Lead. Cas.* 457.) But in this state, the courts doubtless hold that there is a want of consideration to support such an agreement, where nothing is given in exchange but the new promise of the same debtor. Still, as it has been held that there is a sufficient consideration to postpone the payment until the new note becomes due, and to discharge the demand altogether when the new note has been negotiated to a third person, there is evidently an inconsistency between the two classes of cases, which it is perhaps too late to reconcile. But when the new contract is valid and obligatory upon the parties, having some new and sufficient consideration to sustain it, it may by express agreement operate to satisfy and discharge the prior demand. The new agreement may be accepted as a satisfaction, without waiting till its stipulations are performed and performance accepted. And I think this is so in case of a settlement of unliquidated damages. Thus a submission to arbitration, with mutual covenants to perform the award, where each party might have his remedy upon the submission, after the award, the arbitrament, without performance, was held a good bar to the original cause

of action. (*Gascoyne* v. *Edwards*, 1 *You. & Jer.* 19.) But in *Allen* v. *Milner* (2 *Cromp. & Jer.* 47) a distinction was taken between an action for a debt (where the amount only. of such debt is referred) and an action for general damages. Lord Lyndhurst held that where the money payable under the award is nothing but the original debt, so ascertained in amount, an action will lie for the debt thus ascertained, notwithstanding the submission. The question was as to the *form* of the action, and I think the language of the judge authorizes the conclusion that the amount of the debt was to be considered as *fixed* by the award ; and so far at least, the matter was concluded by the agreement of the parties. In *Sibree* v. *Tripp* (15 *Mees. & Wels.* 22) it was held that the acceptance of a negotiable security may be in law a satisfaction of a greater amount. Parke, B. observed that in case of a *liquidated* demand, the satisfaction is by giving a different thing, not part of the sum itself. But when the damages are *unliquidated*, the payment of an agreed sum was a good consideration for a promise by the plaintiff to stay proceedings and pay his own costs, citing *Wilkinson* v. *Byers*, (1 *Adol. & Ell.* 106.) And it was admitted in *Flockton* v. *Hall*, (14 *id. N. S.* 380,) that the making of the agreement itself, without performance of it, might be accepted as a satisfaction of a demand for damages for infringing a patent. Coleridge, J. said : There may be two kinds of accord ; the making of the agreement itself may be what is stipulated for, or the doing of the things mentioned in the agreement. The same doctrine was held by the court in *Flagg* v. *Mann*, (30 *Vermont R.* 573.) And in *Goodrich* v. *Stanley* (24 *Conn. R.* 613) it was expressly decided that an acceptance in discharge of a debt, of an agreement with mutual promises, on which the creditors had a legal remedy for its non-performance, is a satisfaction of the debt, although such promises are not performed. Without therefore attempting to reconcile the authorities, I think it may be safely concluded that the settlement of *uncertain* damages is a sufficient consideration to support an

agreement to pay the amount agreed upon, and to release the residue ; and that such a settlement cannot be opened without showing fraud or mistake. That it depends upon the intention of the parties whether *an agreement to pay* a certain sum in discharge of the demand in such a case is to operate as a discharge of the residue, or whether it is only a proposition that if the defendant pays a certain sum, it shall discharge the original claim. In the latter case the contract is not binding, and no satisfaction ensues, unless the payment is tendered and accepted by the party injured.

Regarding the settlement in this case as obligatory upon the parties, if they intended to rely upon it as a final settlement of the controversy, the recovery could not exceed the amount agreed upon if the suit had been against Sterling Robbins alone. The note in suit would be without consideration, the damages for which it was given having been extinguished by the settlement and agreement to pay the amount agreed upon, on such settlement. I think, therefore, the evidence rejected should have been submitted to the jury.

There is another exception taken to the rejection of evidence, which demands attention. The defendants proposed to show that the charge on which Sterling Robbins was arrested was groundless. The offer was rejected. It is quite likely that the defendants would have entirely failed in making good their offer, if the judge had consented to receive the evidence. But I think we are bound to consider it, as it is in the case. The respondent's counsel has only noticed this exception so far as the evidence had a tendency to disprove the consideration upon which the note was given. And I think he is quite right in saying, that after a full settlement and compromise the court will not look behind it. This I have attempted to show, in answering the first exception. But there was another defense set up to avoid the note ; and one question is, whether this evidence was not material to prove *duress.* One rule stated by Justice WELLES in *Strong* v. *Grannis,* (26 *Barb.* 126,) is, that where there is an arrest

for improper purposes, without just cause, it may be construed a *duress.* And this, although the arrest is made regular and lawful in form by the perjury of the complainant. This rule was acted upon in the decision of that case. And money may be recovered back which is paid in discharge of an alleged claim, which is fictitious and false, and known to be so to the party making the claim, and who induces the payment by means of *duress* or taking undue advantage of the party's situation. (*Sartnell* v. *Horton,* 28 *Vermont Rep.* 370.)

I my opinion it was competent, upon such an issue, to prove the charge groundless, as one of the elements tending to establish the defense of *duress.* (*Chit. on Cont.* 34, *note a: Story on Cont.* § 436.) After the note was executed, one of the witnesses had a conversation about it with Rice and his wife. This conversation was offered in evidence without specifying what it was intended to prove. The evidence was excluded. It is now claimed by the appellant's counsel that it was material to give character to the transaction. But in my opinion it was not a part of the *res gestœ,* and was inadmissible unless accompanied by some act which could be regarded as part of the transaction. It is sufficient to sustain the ruling of the learned judge to say, that the appellant's counsel is unable to connect it with a single act in the drama which led to the giving of the note and to the discharge of the prisoner from arrest.

I say nothing as to the point that this note was given to compound a felony. Although we might think that the transaction plainly showed that the prosecution was got up to overhaul the first settlement, and to drive the defendant, Sterling Robbins, into the payment of five hundred dollars instead of fifty; and that it was the implied understanding of all the parties, the justice included, that the prosecution was to be abandoned when it had accomplished its object, we have no power, on this appeal, to disturb the verdict of the jury which legalizes the transaction, merely upon the ground

that we think it is against the weight of the evidence. But upon the two first exceptions, which I have noticed, I think the judgment must be reversed and a new trial granted; costs to abide the event.

                                        Judgment affirmed.

[ONONDAGA GENERAL TERM, October 1, 1861. *Bacon, Allen, Mullin* and *Morgan,* Justices.]