### GOFFE v. JONES.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

1. ACCORD AND SATISFACTION (§ 17*)—AGREEMENT CONSTITUTING.

A compromise agreement of a claim stipulating that the debtor shall pay certain sums in the future is merely an accord, and until payment of the agreed sums there is no satisfaction, but the original agreement remains in force.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 123; Dec. Dig. § 17.*]

2. PLEADING (§ 8*)—CONCLUSIONS—ACCORD AND SATISFACTION.

An allegation, in an answer pleading accord and satisfaction, that the rights and causes of action which plaintiff had against defendant were, by the agreement set forth, compromised and settled, is a mere conclusion of law, and adds nothing to the defense.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Florence L. Goffe against Arthur S. H. Jones. From an interlocutory judgment overruling a demurrer to the answer, plaintiff appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Vincent P. Donihee and Edward S. Hatch, for appellant.
Henry W. Showers, for respondent.

SCOTT, J. The plaintiff appeals from an interlocutory judgment overruling a demurrer to a separate defense. The action is upon a promissory note for $10,000, upon which it is alleged that $7,717.65, with interest, remains unpaid, for which amount judgment is demanded. The third separate defense, to which the demurrer is interposed, alleges the making and delivery of the note; that subsequent to the maturity thereof, and before the commencement of this action, plaintiff demanded the payment thereof, which defendant refused, upon the ground that he was not lawfully indebted to plaintiff in any sum whatever. The defense then proceeds as follows:

"That thereupon, and on or about the 29th day of July, 1904, the plaintiff and the defendant agreed to compromise the plaintiff's claim, and agreed that in compromise thereof the defendant should pay the plaintiff $1,000 in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cash, and commencing with September 19, 1904, to pay $100 a month for 40 months. In addition to that sum, on October 1st, defendant was to pay $400."

There is also alleged an agreement to pay interest on the unpaid sums from time to time. It was further alleged that defendant had made all the payments agreed upon down to June, 1907, and had attempted to pay the $100 falling due in June, 1907; but plaintiff had refused to receive it. Defendant's readiness and willingness to make the payments as they fell due was alleged.

It will be observed that the compromise agreement as alleged is that it was agreed that, in compromise of plaintiff's claim, defendant should pay certain sums in the future; that is to say, the payment of the sums agreed upon should constitute the completed compromise. This does not allege an accord and satisfaction, but merely an accord without satisfaction, under which the original promise remains in force. A very similar attempt at an accord came before the Court of Appeals in Kroner v. Heim, 75 N. Y. 574, 31 Am. Rep. 491. In that case plaintiff had recovered a judgment against the defendant for upwards of $4,000. Pending a stay a stipulation was entered into under which plaintiff agreed to accept in settlement of the judgment $1,000 in cash, $250 down and the balance in installments, with merchandise to be delivered in amounts stated, sufficient with the cash payments to reduce the judgment to $1,000, and an assignment of certain patents. Defendant made the cash payments and delivered the merchandise as stipulated until the judgment was reduced to $1,000, and then tendered an assignment of the patents, which plaintiff declined to accept, but issued execution to collect the balance. The defendant's motion to set aside the execution and satisfy the judgment was denied; the court saying:

"'Accord,' says Sir Wm. Blackstone, 'is a satisfaction agreed upon between the party injuring and the party injured, which, when performed, is a bar to all actions upon this account.' 3 Bl. Com. 15. An accord executory, without performance accepted, is no bar; and tender of performance is insufficient. Bac. Abr. tit. 'Accord and Satisfaction,'. C. So also accord, with part execution, cannot be pleaded in satisfaction. The accord must be completely executed, to sustain a plea of accord and satisfaction. Bac. Abr. 'Accord and Satisfaction,' A; Cook v. Honeychurch, T. Ray. 203; Allen v. Harris, 1 Ld. Ray. 122; Lynn v. Bruce, 2 H. Bl. 317. In Paytoe's Case, 9 Co. 79, it is said: 'And every accord to be full, perfect, and complete; for, if divers things are to be done and performed by the accord, the performance of part is not sufficient, but all ought to be performed.' * * * The doctrine, which has sometimes been asserted, that mutual promises, which give a right of action, may operate and are good as an accord and satisfaction of a prior obligation, must in this state be taken with the qualification that the intent was to accept the new promise, as a satisfaction of the prior obligation. Where the performance of the new promise was the thing to be received in satisfaction, then, until performance, there is not complete accord, and the original obligation remains in force. Russell v. Lytle, 6 Wend. 390, 22 Am. Dec. 537; Daniels v. Hallenbeck, 19 Wend. 408; Hawley v. Foote, 19 Wend. 516; Brooklyn Bank v. De Grauw, 23 Wend. 342, 35 Am. Dec. 569; Tilton v. Alcott, 16 Barb. 598. * * * The judgment clearly was to remain in force until the satisfaction under the new agreement was complete. It is the case of an accord partly executed. So far as the plaintiff accepted performance, his claim was extinguished. So far as it was unexecuted, the judgment remained in full force; and however indefensible in morals it may

be for the plaintiff to refuse to abide by the agreement in respect to the patent interests, he was under no legal obligation to accept the assignment tendered, and he had the legal right to enforce the judgment for the balance remaining unpaid."

Day v. Roth, 18 N. Y. 448, and Noe v. Christie, 51 N. Y. 270, are to the same effect. The allegation in the answer, "that all the rights and causes of action which the plaintiff had against the defendant by reason of said promissory note on or prior to January 29, 1904, were by said agreement compromised and settled between the parties hereto, and fully settled, compromised, and canceled," is a mere conclusion of law, not admitted by the demurrer, and adds nothing to the defense. Furthermore, no consideration is alleged for plaintiff's agreement to accept less than the amount presumptively due upon the note.

The judgment appealed from must be reversed, and the demurrer sustained, with costs in this court and the court below, with leave to defendant to amend his answer within 20 days upon the payment of said costs. All concur.