The writ should be sustained, the determination annulled, and the matter remitted to the board of assessors for further proceedings, with costs.

BURR, WOODWARD, and RICH, JJ., concur. THOMAS, J., dissents from the result, on the ground that he regards the evidence as justifying the determination.

---

BUSINESS MEN'S REALTY CO. v. COMET CO. et al.

(Supreme Court, Appellate Division, First Department.    October 25, 1912.)

1. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—DENIAL OF MOTION—EF-
   FECT.
   An order denying plaintiff's judgment on the pleadings, consisting of the complaint and answer, does not preclude subsequent demurrer to a separate defense on the ground of insufficiency, where it does not appear that the sufficiency of that defense was passed upon under the motion.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. ACCORD AND SATISFACTION (§ 17*)—EXECUTORY ACCORD—EFFECT.
   An accord executory, without performance accepted, is not a bar to an action on the original obligation.
   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 123; Dec. Dig. § 17.*]

3. ACCORD AND SATISFACTION (§ 25*)—ANSWER—SUFFICIENCY.
   In an action on a written guaranty of payment of mortgage interest, an answer setting up a contract by plaintiff to release defendants from a guaranty on defendants' agreement to transfer stock is insufficient, where it fails to plead performance, or tender of performance, of the last-mentioned agreement.
   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 151, 153–160; Dec. Dig. § 25.*]

Appeal from Special Term, New York County.

Action by the Business Men's Realty Company against the Comet Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The following is the opinion of Page, J., at Special Term:

[1] After the denial of the motion for judgment on the pleadings, consisting of the complaint and answer, plaintiff demurred to the separate defense on the ground of insufficiency. Defendants claim that the denial of the motion for judgment is an adjudication of the issues raised by the demurrer. This would be the effect of that decision, were it not for the fact that the answer contains denials of knowledge or information sufficient to form a belief as to the allegations contained in six subdivisions of the complaint, most of which are frivolous and do not raise an issue. Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151. Such a denial, however, to the allegations in subdivision 8 of the complaint, raises a triable issue. This alone would be sufficient to justify the denial of the motion for judgment. It cannot be held, therefore, that the learned justice at Special Term, Part 1, considered the sufficiency of the separate defense.

[2, 3] The action is brought upon a written agreement whereby, upon the consideration therein set forth, the defendants "unconditionally guarantee the payment of the interest now due or that may hereafter become due on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

all the mortgages hereinbefore specified," which were mortgages held by the plaintiff, "and on all mortgages prior thereto covering" the premises therein mentioned, "together with all taxes, assessments, and water rates now due and payable and that may be levied thereupon." The complaint alleges the failure to pay interest on plaintiff's mortgages and also on those prior thereto, as well as certain taxes, assessments, and water rates levied upon said premises. The answer set forth as a separate defense a contract with the plaintiff whereby it undertook and agreed to release the defendants and each of them from said contract, in consideration of two of the defendants agreeing to transfer all the shares of stock that they held in the defendant the Comet Company. There is no allegation in the answer of performance or tender of performance by the said defendants, nor is there any allegation as a fact that the plaintiff failed or refused to perform, except such as might be inferred from the allegations in the fourth subdivision of the answer, which is as follows: "That the defendants are now, and have been ever since the making of the said contract of the ———— day of October, 1911, ready, willing, and able to perform all the terms of said contract, but have been prevented from carrying out the said contract by the failure and refusal of the plaintiff to perform." An accord executory, without performance accepted, is not a bar to an action on the original obligation. "Where the performance of the new promise was the thing to be received in satisfaction, then, until performance, there is not complete accord, and the original obligation remains in force." Kromer v. Heim, 75 N. Y. 574, 577, 31 Am. Rep. 491. Readiness to perform is not sufficient. Russell v. Lytle, 6 Wend, 390, 392, 22 Am. Dec. 537.

The defendants rely upon the case of Kelley v. Dee, 2 Thomp. & C. 286, holding that an agreement made between plaintiff and defendants to settle an action on certain terms, and a tender of performance by defendants, is a good defense to the action. As, however, in the case at bar, there is no allegation of a tender of performance, that case, even if well decided, would not be an authority for defendants. That case, however, has not since been cited as an authority, and is contrary to the great weight of authority in this and other states. Nor does the case at bar come within the exception to the rule that, where the parties agree that the new agreement itself shall be a satisfaction of the prior obligation, and is based upon a good consideration, and is accepted in satisfaction, then it operates as such and bars the action. Kromer v. Heim, supra. In this case there is no such contention. The defendants recognize that the agreement to assign and deliver the stock was not the thing to be accepted, but the assignment and the delivery of the stock alone would satisfy the obligation. They do not allege performance, but a willingness to perform, showing conclusively that the agreement until performed did not operate as a bar.

The demurrer, therefore, should be sustained, with costs, and the defendants be given leave, if they are so advised, to serve an amended answer, upon payment of costs within 10 days.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

A. Nelson, for appellants.
J. C. Myers, for appellee.

PER CURIAM. Judgment affirmed, with costs, with leave to defendant to amend on payment of costs, on opinion of Page, J., at Special Term. Order filed.