MAX RUBIN, Appellant, *v.* SAMUEL G. SIEGEL and MICHAEL GOODMAN, Respondents.

First Department, January 18, 1918.

Practice — stay — when legal action not stayed pending suit in equity to enforce settlement of action — accord and satisfaction not executed.

Where an agreement to settle an action made on the eve of trial was never carried out and the cause was restored to the calendar on the plaintiff's motion and the defendants took no appeal from the order, they are not entitled to a stay of the plaintiff's legal action until the determination of a suit in equity brought by them for the specific performance of the agreement to settle the prior action.

*It seems,* that the defense of settlement could be set up by the defendants in the legal action by a supplemental answer, and until the court in its discretion has refused to allow such supplemental answer the defendants have no ground for a stay, which would deprive the plaintiff of his right to a determination of the issues by a jury.

Defendants' affidavits examined, and *held,* insufficient to establish a settlement which would prevent the plaintiff from prosecuting his legal action, or confer upon the defendants the right to compel the enforcement of the settlement in equity.

An attempted settlement of a cause not fully executed is not available as a defense to the action, or as a basis of a suit in equity to enforce a settlement.

DOWLING, J., dissented.

APPEAL by the plaintiff, Max Rubin, from an order of the Supreme Court, made at the New York Special Term and

---

First Department, January, 1918.          [Vol. 181.

entered in the office of the clerk of the county of New York on the 11th day of December, 1917, staying the trial of this action.

*Samuel Meyers* of counsel [*Henry E. Cohen* with him on the brief], *Morris & Samuel Meyers*, attorneys, for the appellant.

*Frank Walling* of counsel [*Abraham I. Smolens*, attorney], for the respondents.

SCOTT, J.:

This action is for damages, stated at $30,000, for breach of contract. When the case came on for trial negotiations were had looking to a settlement and it was finally agreed between counsel that defendants should pay to plaintiff the sum of $3,750, and that the action should be discontinued. No written stipulation was entered into, but the cause was marked on the clerk's calendar as settled and discontinued. The proposed settlement was never carried out because the plaintiff claimed that other considerations than the payment of the sum mentioned had been agreed upon. The result was that, on plaintiff's motion, the cause was restored to the calendar for trial.

The defendants then paid $3,750 into court and commenced an action in equity to enforce the agreement of settlement as they claim it was agreed to, and have now obtained the order appealed from, which stays further proceedings in this action until the trial and determination of the equity suit.

*First.* I am unable to see any ground for staying the law action. It has been restored to the calendar by an order from which no appeal has been taken. If the cause of action had been settled, so that the plaintiff could not recover thereupon that defense could be set up in a supplemental answer in this action at law. It is claimed that it is discretionary with the court whether to allow a supplemental answer, but until the court refuses to allow such supplemental answer the defendants have no ground to stay the plaintiff's action at law and compel the plaintiff to submit to a trial before a single judge and waive his right to try the issue of such settlement before a jury.

*Second.* Upon the facts shown by defendants' affidavits, there has been no settlement which would prevent the prosecution of the plaintiff's action for the full amount claimed and no right in equity to compel the enforcement of such a settlement. In *Smith* v. *Cranford* (84 Hun, 318) it is held: " To sustain the plea of an accord and satisfaction the agreement must be completely executed, and an accord without satisfaction or an accord partly executed cannot be successfully pleaded as a defense to an action. If an agreement was not an accord and satisfaction, but an accord executory, tender of performance is not equivalent to execution for the purposes of a defense to an action."

In that case the plaintiff had commenced an action against defendants to restrain them from interfering with a stream of water or doing anything to diminish the supply of water flowing to plaintiff's ponds or to impair the quality thereof. While such action was pending an agreement between the parties was entered into which provided " That the action should be discontinued " and further regulating the rights of the parties in respect to the use of this water.

Upon the execution of this instrument, fifty dollars was paid to the attorneys, but no other payment was ever made under it to the plaintiff. The defendants claimed that the agreement was a bar to the maintenance of the action. Presiding Justice BROWN in his opinion said: " The agreement was not an accord and satisfaction. It was an accord executory. Tender of performance has never been held for the purpose of this defense to be equivalent to execution. Accord without satisfaction or accord partly executed cannot be successfully pleaded as a defense. To sustain a plea of accord and satisfaction the agreement must be completely executed. [Citing cases.] The referee properly ruled that the agreement was executory and was not a bar to the maintenance of this action."

That case was affirmed upon this opinion in the Court of Appeals in 155 New York, 640, and is conclusive authority to the effect that the attempted settlement of this case not having been fully executed was not available as a defense to the action and, hence, was not sufficient to entitle this defendant to maintain an equity action to enforce such settlement.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

Clarke, P. J., Laughlin and Smith, JJ., concurred; Dowling, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.