ALBERT A. MOERS, Respondent, v. CARRIE C. MOERS, Appellant.

First Department, May 16, 1919.

**Accord and satisfaction, agreement settling dispute between parties to action not constituting — mere tender of performance insufficient — agreement insufficient to constitute defense to original action or to form basis of suit for specific performance.**

An agreement in writing and under seal, entered into between the parties to an action in order to compromise and settle all matters in dispute, whereby the defendant agreed to support the plaintiff, his mother, for the remainder of her life and to pay her a certain sum per annum in monthly installments and also to pay her a specified sum on a certain date, upon receipt of which she agreed to reassign to him certain policies of life insurance, to indorse a certain check and to return a certain will and other papers, under which said specified sum was never actually paid though plaintiff tendered the amount thereof, did not constitute an accord and satisfaction, and is not available as a defense to the original action, and, hence, cannot form the basis of a suit in equity to enforce specific performance of its terms.

A tender of performance is not sufficient to sustain a plea of accord and satisfaction; the agreement must be completely executed.

LAUGHLIN, J., dissented, with opinion.

APPEAL by the defendant, Carrie C. Moers, from an order of the Supreme Court, made at the New York Special Term

and entered in the office of the clerk of the county of New York on or about the 27th day of January, 1919, overruling her demurrer to the complaint.

*Leo R. Brilles* of counsel [*House, Grossman & Vorhaus,* attorneys], for the appellant.

*I. Maurice Wormser* of counsel [*Saul Gordon* with him on the brief; *Wormser & Samuels,* attorneys], for the respondent.

Dowling, J.:

This is an action in equity brought by a son against his mother to compel specific performance of a written agreement between plaintiff and defendant. The complaint sets forth the following facts: On December 7, 1918, an action was pending in the Supreme Court, New York county, wherein Carrie C. Moers was plaintiff and Albert A. Moers was defendant, to recover the sum of $51,470.24 for money loaned. An answer was interposed denying all the allegations of the complaint and that action is at issue and upon the calendar of the said court for trial. On that date, in order to compromise and settle all matters in dispute between the parties to the suit, they entered into an agreement in writing under seal, a copy of which is attached to the complaint in the present action. Thereby Albert A. Moers agreed to support his mother, Carrie C. Moers, for the remainder of her life, and to that end to pay her the sum of $3,000 per annum, in equal monthly installments, beginning January 1, 1919; and also to pay her the sum of $12,500 on December 9, 1918. Upon receipt of said sum of $12,500, Carrie C. Moers agreed to reassign to plaintiff certain policies of life assurance upon his life, which had theretofore been assigned by him to her, and also contemporaneously with such assignment to indorse a certain check for $1,237.30 made to the joint order of plaintiff and defendant, which check was to become the sole property of plaintiff. It was further provided by said agreement that defendant should return to plaintiff a certain will made by him, dated August, 1915, which is alleged to have " peculiar and sentimental value " to him, and also certain books, papers and documents, which defendant agreed to return to plaintiff upon receipt of said sum of $12,500. It was further agreed

that general releases should be exchanged between the parties and that defendant should execute and deliver a general release to plaintiff's wife. It is then alleged that on December 9, 1918, plaintiff duly tendered to defendant the sum of $12,500 and a general release duly executed by him and demanded performance of the aforesaid agreement by the defendant who refused to accept either the money or release and further refused to perform any part of the agreement by her to be performed. It is averred that plaintiff has duly performed all the conditions of said agreement upon his part to be performed and is entitled to complete performance of said agreement upon the part of defendant; and that unless defendant is required to specifically perform the agreement, plaintiff will suffer irreparable injury for which he has no adequate remedy at law, the sole ground for such claim being apparently the statement that plaintiff's books, papers and documents, including his former last will and testament, have peculiar and sentimental value to him. It is further alleged that defendant threatens and intends, unless enjoined by the court, to proceed with the prosecution of her action still pending in the Supreme Court to recover from the plaintiff the sum of $51,470.24, with interest. Plaintiff avers his readiness to perform the agreement in all particulars and to comply with any decree of the court ordering him to comply therewith.

The relief asked for is:

(1) That the plaintiff recover judgment against the defendant adjudging and directing that the defendant specifically perform the agreement of December 7, 1918, in all things;

(2) That she make, execute and deliver the general releases provided for by said agreement;

(3) That she reassign to the plaintiff all policies of life insurance heretofore assigned to her by the plaintiff;

(4) That she indorse the check of the Equitable Life Assurance Society of the United States for $1,237.30, dated June 14, 1917;

(5) That she return and deliver to the plaintiff all his books, papers and documents, including a certain last will and testament made by the plaintiff in or about August, 1915; and in all things and respects perform her said written agreement with the plaintiff;

(6) That the defendant be permanently and perpetually enjoined and restrained from proceeding with the prosecution of her action pending in the Supreme Court of the State of New York, New York county, wherein she is plaintiff and this plaintiff (Albert A. Moers) is defendant, and in which judgment is demanded for the sum of $51,470.24, plus interest;

(7) That the plaintiff may be granted an injunction *pendente lite* against the defendant restraining her from taking any further steps or proceedings in said action above referred to until after the trial and determination of this action;

(8) And that the plaintiff have such other, further or different relief in the premises as may be agreeable to equity and seem good to the court, besides costs.

It is clear from the terms of the agreement in question that it is an accord only and not an accord and satisfaction. Being only an accord, and no satisfaction having been had, it is not only insufficient as a defense but cannot form the basis of a cause of action. The agreement is entirely executory. Nothing whatever was done by either party when it was signed. There were mutual promises to do certain things in the future, and the present defendant did not agree to do anything in consideration of plaintiff's promise, but agreed to perform only when the sum of $12,500 was actually paid. No releases were then exchanged, nor was the then pending action discontinued. The act upon which all the other acts depended was the actual payment of the $12,500 when made at a future date. But that payment never was actually made, though the plaintiff tendered the amount. But that was not actual performance, only a tender of performance, and it has been uniformly held that a tender of performance is not sufficient; to sustain a plea of accord and satisfaction, the agreement must be completely executed. (*Brooklyn Bank v. De Grauw,* 23 Wend. 342; *Day* v. *Roth,* 18 N. Y. 448; *Noe* v. *Christie,* 51 id. 270; *Kromer* v. *Heim,* 75 id. 574; *Smith* v. *Cranford,* 84 Hun, 318; affd., 155 N. Y. 640; *Mance* v. *Hossington,* 205 id. 33; *Reilly* v. *Barrett,* 220 id. 170; *Goffe* v. *Jones,* 132 App. Div. 864.) There having been no accord and satisfaction, not only would the agreement in question of the parties be unavailable as a defense to the original action, but it cannot form the basis of an action in equity to enforce

performance of its terms. (*Rubin* v. *Siegel*, 181 App. Div. 181.)

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of such costs.

CLARKE, P. J., PAGE and MERRELL, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

The doctrine of accord without satisfaction is misleading and is, I think, about to be applied erroneously in the case at bar. On principle it applies only to unenforcible agreements intended to take the place of, and, when executed, to constitute satisfaction of an existing claim or obligation by one of the parties against the other. Ordinarily it arises where a party, without any new consideration, agrees to accept performance of an obligation in a manner other than as originally claimed by him; and in such cases there is, of course, no release or cancellation or merger of the original obligation, and enforcement thereof may be had at any time until the agreement, intended as a substitute therefor, but which being without consideration and not binding or enforcible, has not become substituted therefor, is fully performed. In all the cases in which it is held that the unexecuted new promise constitutes *an accord only* and may be defeated by refusal on the part of the promisee to accept a tender of performance there was no binding agreement obligating the promisee to accept such tender of performance, and the new agreement was revocable at will by either party. (See 1 C. J. 532; *Reilly* v. *Barrett*, 220 N. Y. 170; *Noe* v. *Christie*, 51 id. 270; *Brooklyn Bank* v. *De Grauw*, 23 Wend. 342; *Smith* v. *Cranford*, 84 Hun, 318; affd., 155 N. Y. 640; *Day* v. *Roth*, 18 id. 448.) As I understand it, excepting for this confusion to which I have adverted, an agreement made in settlement of a controversy or disputed claim on mutual promises or a new consideration has the same sanctity as any other contract, and in the absence of fraud, duress or undue influence with respect

to the execution thereof or of a rescission thereof by one party on the ground of failure and refusal to perform by the other, binds both parties, and becomes *a substitute* for the original claims *which are merged* therein and extinguished so long as the new agreement remains in force, for there would be no object or purpose in executing such new agreement if it were not intended to extinguish and thus become not only an accord but a satisfaction of the controversy or claim for which it was designed as a substitute; and in such case it does not rest with the promisee, by refusing a tender of performance, to render the agreement nugatory, and each party is entitled to enforce it as made. (*Billings* v. *Vanderbeck,* 23 Barb. 546; *Spier* v. *Hyde,* 78 App. Div. 151; *Reilly* v. *Barrett,* 220 N. Y. 170; *Kromer* v. *Heim,* 75 id. 574; *Bandman* v. *Finn,* 185 id. 508; *Bomeisler* v. *Forster,* 154 id. 229; *Morehouse* v. *Second Nat. Bank of Oswego,* 98 id. 503.)

The case presented by the complaint to which the demurrer for insufficiency was interposed is not a mere accord revocable by either party at will but a solemn agreement formally executed under seal and acknowledged in which it is recited that there was an action pending between the parties, brought by the defendant herein against the plaintiff herein to recover $51,470.24 with interest, and that the parties were desirous " of compromising and settling all matters in dispute between them of every kind and nature whatsoever, including the matters and things embraced in said action," and it contains material unconditional and unequivocal promises on the part of the plaintiff to pay to the defendant $3,000 per annum in equal monthly installments during her life and to pay her the further sum of $12,500 in cash on the 9th day of December, 1918, and on receipt of said cash payment, which was the first payment to be made by the plaintiff under the agreement, the defendant agreed to assign to him certain policies of life insurance, and to indorse to his order a certain check, and to sign and deliver to the plaintiff a letter retracting and withdrawing derogatory statements theretofore made by her against him and his wife, and to return to him a will which he had theretofore executed and " all of his books, papers or documents of every kind or nature such as old notes, checks and letters, including all letters heretofore written " by him

to her.   The agreement contains other covenants on the part of the defendant with respect to her future conduct that are not material to the point presented for decision.   The final paragraph of the agreement obligated each party to execute a general release to the other, and obligated the defendant to execute the release both individually and as executrix of the estate of Charles Z. Moers, deceased, and also to execute such a release in favor of the wife of the plaintiff.

It seems to me perfectly plain that said pending action, the prosecution of which is now threatened and is sought to be enjoined by the plaintiff, was merged in that agreement (See *Morehouse* v. *Second Nat. Bank of Oswego, supra*), and I am, therefore, unable to agree with the majority of the court that the agreement would not be a defense to that action.   Inasmuch as that is the sole ground on which the order is to be reversed I deem it unnecessary to discuss at length the remaining point as to whether the plaintiff is entitled to resort to equity for injunctive relief or for the specific performance of the agreement.   Doubtless he could obtain leave to plead the agreement as a defense to said action but that would not constitute a complete determination of the controversies between the parties, and I think it cannot be said on demurrer that in no view of the case would the trial court be warranted in awarding any equitable relief to the plaintiff.   (See *Bomeisler* v. *Forster, supra.*)

I am of the opinion, therefore, that the order is right and should be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.